STATE of Tennessee, Appellee,

v.

BABY JOHN DOE, Appellant.

Court of Criminal Appeals of Tennessee, at Knoxville.

April 3, 1991.

---

C. Peter Thomas S. Cornell, New Hope, Ky., Stewart M. Crane, Knoxville, for appellant.

Charles W. Burson, Atty. Gen. and Reporter, Amy L. Tarkington, Asst. Atty. Gen., Nashville, David Jennings Asst. Dist. Atty. Gen., Knoxville, for appellee.

## OPINION

WADE, Judge.

The defendant, Baby John Doe, was convicted of criminal trespass. In this appeal, he presents the following issues:

(1) whether the trial court erred by its holding the defendant in jail beyond the maximum time of the offense, denying release on $200.00 bail bond for the defendant's refusal to identify himself, and withholding the entry of judgment and sentence once the defendant was found guilty of criminal trespass; and

(2) whether the trial court's assessment of fine and costs were inappropriate.

The conviction is affirmed; the cause is remanded for a reassessment of costs.

On January 16, 1989, the defendant was arrested for blocking the front door to the "Knoxville Center for Reproductive Health," a privately owned facility in Knoxville. Although bail was set at $200.00, the defendant was not released, apparently because he refused to provide his name. On August 31, 1989, the defendant was acquitted of a breach of the peace charge but found guilty of criminal trespass. After the bench trial, the trial court noted that he would not pronounce judgment until the defendant gave his name.[1] On January 16, 1990, the trial court ordered the defendant's release and ordered him to pay costs of $12,547.25 pursuant to Tenn.Code Ann. § 40–25–123.[2]

Initially, we must point out the terms of Rule 8 of the Tennessee Rules of Appellate Procedure:

Release in criminal cases.—(a) Review of Release Orders by Defendant.—*Before or after conviction* the prosecution or defendant may obtain review of an order entered by a trial court from which an appeal lies to the Supreme Court or Court of Criminal Appeals granting, denying, setting or altering conditions of defendant's release. *Before* conviction, as prerequisite to review, a written motion for the relief sought on review shall first be presented to the trial court. *After conviction* and after the action is pending on appeal, a written motion may be made either in the trial court in which judgment was entered or in the appellate court to which the appeal has been taken. On entry of an order granting or denying a motion for a change in bail or other conditions of release, the trial court shall state in writing the reasons for the action taken.

Review may be had at anytime before an appeal of any conviction by filing a motion for review in the Court of Criminal Appeals or, if an appeal is pending, by filing a motion for review in the appellate

1. The trial court amended the judgment to provide the name Gary Christopher as an additional alias.

2. The trial court apparently included jailtime at $33.50 per day in the assessment of costs. The judgment states that "[t]he costs of this cause shall be paid by the defendant ... [t]he defendant is given until June 1, 1990 at 9:00 A.M. for payment of the costs."

court to which the appeal has been taken. . . .

(Emphasis added).

■ This rule governs the review of a trial court's orders affecting bond and should be promptly followed after bail is set. *State v. Melson,* 638 S.W.2d 342, 358 (Tenn.1982). At no time while the defendant was in jail did he seek review of the release conditions imposed by the trial court. If he had, his case could have been ruled on before he spent so long in custody. Instead, an application for a writ of mandamus was made on November 8, 1989, a remedy this court has no jurisdiction to provide. The petitioner sought an order directing the trial court to impose a sentence for his conviction of criminal trespass. Our court's authority to issue writs of mandamus is limited to circumstances in which the writ is necessary to the exercise of our appellate jurisdiction. *See State v. Sneed,* 105 Tenn. 711, 58 S.W. 1070 (1900); *Blanton v. Tennessee Central Ry. Co.,* 4 Tenn.App. 335 (1926); *Hyde v. Dunlap,* 3 Tenn.App. 368 (1926).

■ Unfortunately, at this late date, the defendant's first issue is no longer in controversy. The defendant has served his sentence and was unconditionally released. Any determination by our court that the trial court erred by denying the defendant's release on a $200.00 bail bond or by refusing to order the sentence served upon his finding of guilt on the charge of criminal trespass would be of no practical effect or benefit. *Melson,* 638 S.W.2d at 358. After the defendant's service of one full year in jail, our court shall not determine whether the trial court was without authority to impose such a sentence even though the maximum term for the offense was only 30 days. The issue is moot. *Dockery v. Dockery,* 559 S.W.2d 952 (Tenn.App. 1977). Our ruling would be purely advisory. *See State ex rel. Lewis v. State,* 208 Tenn. 534, 347 S.W.2d 47 (1961); *State v.*

*Rogers,* 703 S.W.2d 166, 169 (Tenn.Crim. App.1985).

In *Lewis,* our Supreme Court cited with approval the following language:

However convenient or desirable for either party that the questions mooted in the case be authoritatively settled for future guidance, the court is not justified in violating fundamental principles of judicial procedure to gratify that desire. To invoke the jurisdiction of a court of justice, it is primarily essential that there be involved a genuine and existing controversy, calling for present adjudication as involving present rights, and although the case may have originally presented such a controversy, if before decision it has, through act of the parties or other cause, lost that essential character, it is the duty of the court, upon the fact appearing, to dismiss it.

347 S.W.2d at 48 (citations omitted).

■ While there is a public interest exception to the rule prohibiting consideration of moot issues, the circumstances here do not justify its implementation. This case is not among those types listed in *Dockery* as eligible for consideration despite their mootness. *See* Annotation, *Public Interest As Ground For Refusal To Dismiss An Appeal, Where Question Has Become Moot, Or Dismissal Is Sought By One Or Both Parties,* 132 A.L.R. 1185 (1941). The question presented is personal to this defendant. *McCanless v. Klein,* 182 Tenn. 631, 188 S.W.2d 745 (1945).[3]

As to the final issue, the appellant's brief provides as follows:

At this time a follow-up hearing on the fees and costs assessment has been continued by the Trial Court until 2 November 1990, thus Baby John Doe # 1 has not had to pay a fine. The Trial Court has graciously continued hearings regarding the fees and costs pending ap-

---

**3.** In some cases, it has been argued that where the decision of an otherwise moot criminal case would determine liability for costs, the case is not moot so as to preclude review of the conviction or sentence. This contention has been rejected on the ground that an appeal will not be entertained simply to determine costs. Annotation, *Comment Note.—When Criminal Case Becomes Moot So As To Preclude Review Of Or Attack On Conviction Or Sentence,* 9 A.L.R.3d 462 (1966).

peal. It is expected that such courtesy will continue to be extended until final resolution of this matter.

The record contains little about how the assessment was made. The amount may be excessive under these circumstances. Because the trial court is apparently reconsidering the issue, we decline review of the matter at this time and remand the cause for a final determination of the costs payable.

The judgment is otherwise affirmed.

CONCUR:

TIPTON, J., and EDGAR P. CALHOUN, Special Judge, concur.