IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT JACKSON
June 4, 2002 Session

## RICHARD THOMAS JOHNSON v. STATE OF TENNESSEE

**Appeal from the Circuit Court for Lauderdale County**
**No. 5537    Joseph H. Walker, Judge**

---

**No. W2001-02373-CCA-R3-CD - Filed August 7, 2002**

---

The petitioner, Richard Thomas Johnson, appeals as of right the Lauderdale County Circuit Court's denial of his petition for writ of habeas corpus. He contends that he was illegally arrested and imprisoned after the expiration of his sentence. Because the petitioner is no longer incarcerated, we conclude that the issue is moot and affirm the trial court's denial of the petition.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Circuit Court Affirmed**

JOSEPH M. TIPTON, J., delivered the opinion of the court, in which JERRY L. SMITH and JAMES CURWOOD WITT, JR., JJ., joined.

J.B. Glassman, Jackson, Tennessee, for the appellant, Richard Thomas Johnson.

Paul G. Summers, Attorney General and Reporter; Kim R. Helper, Assistant Attorney General, for the appellee, State of Tennessee.

**OPINION**

Pursuant to the petitioner's guilty pleas on December 19, 1996, the Madison County Circuit Court sentenced him as a Range I, standard offender to eight years in the Tennessee Department of Correction (TDOC) for possession of cocaine with intent to sell, a Class B felony. It also imposed a sentence of eleven months, twenty-nine days for possession of marijuana, a Class A misdemeanor. It ordered the petitioner to serve the sentences concurrently to each other and to his sentence in federal Case No. 88-20045-001-H and granted him credit for time served since May 14, 1996. With regard to the federal sentence, the record contains the petitioner's 1997 progress report from the Federal Bureau of Prisons, which reflects that he had an eighteen-month sentence that began on April 10, 1996, and that his projected release date was July 4, 1997. The federal progress report does not reflect that the petitioner had any detainers or pending charges.

On August 14, 2001, the petitioner filed a petition for writ of habeas corpus in Lauderdale County Circuit Court, alleging that he was illegally restrained at that time. In the petition, he

maintains that he was released from federal custody on July 3, 1997. He asserts that just over a year before his release, the federal authorities sent a letter to the Madison County Sheriff's Department asking it to notify them if it sought a detainer on the petitioner. He states that on March 21, 2001, he was arrested pursuant to a Madison County capias alleging that he failed to submit to authorities to complete his state sentences. He says that the convicting trial court then ordered him returned to the TDOC to serve his state sentences.

The Lauderdale County Circuit Court denied the petition, concluding that although the petitioner's state sentences were to run concurrently to the eighteen-month federal sentence, they did not automatically terminate at the same time as the federal sentence. It also declined to treat the habeas corpus petition as a post-conviction petition, observing that the latter must be filed in the convicting court. See Tenn. Code Ann. § 40-30-204(a).

The gist of the petitioner's position is that he pled guilty pursuant to a plea bargain that included an understanding that serving his sentence concurrently to his federal sentence meant that upon his release from federal confinement, he would not serve any time in confinement in TDOC. The petitioner contends that his March 2001 arrest was illegal because he had served his concurrent federal sentence and he appeared to have no outstanding holds at the time of his release from federal custody. The state contends that the trial court properly denied the habeas corpus petition because the petitioner's eight-year sentence for possession of cocaine with intent to sell has not expired.

A petition for the writ of habeas corpus may be brought if the judgment of conviction is void or the sentence has expired. Archer v. State, 851 S.W.2d 157, 164 (Tenn. 1993). If the claimed illegality renders the judgment or sentence voidable, rather than void, no relief can be granted. Id. at 161. We conclude that the issue of whether the petitioner is illegally confined is moot because he is no longer in state custody for these convictions. The petitioner limits his complaint to the fact that he was imprisoned in TDOC after his release from federal custody. On February 29, 2002, the petitioner stated that he was not incarcerated in the docketing statement that he prepared for this court. He confirmed this fact during oral argument before this court. Because the fact of the petitioner's imprisonment is no longer in controversy, the issue is moot. See State ex rel. Lewis v. State, 208 Tenn. 534, 537-38, 347 S.W.2d 47, 48-49 (1961); State v. Doe, 813 S.W.2d 150, 152 (Tenn. Crim. App. 1991).

Based upon the foregoing and the record as a whole, we affirm the trial court's denial of the petition for a writ of habeas corpus.

 

 

_____
JOSEPH M. TIPTON, JUDGE