IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE

AT JACKSON

MAY 1997 SESSION


STATE OF TENNESSEE,     *     C.C.A. # 02C01-9612-CC-00444

     Appellee,     *     HENDERSON COUNTY

VS.     *     Hon. Whit Lafon, Judge

DAVID DAVENPORT,     *     (Theft Over $10,000)

     Appellant.     *

FILED

August 14, 1997

Cecil Crowson, Jr.

Appellate Court Clerk

For Appellant:      For Appellee:

Gregory D. Smith, Attorney      John Knox Walkup
One Public Square, Ste. 321      Attorney General & Reporter
Clarksville, TN 37040
(on appeal)      Kenneth W. Rucker
     Assistant Attorney General
Jeff Mueller      450 James Robertson Parkway
Assistant Public Defender      Nashville, TN 37243-0493
227 West Baltimore
Jackson, TN 38301      James W. Thompson
(at trial and co-counsel on appeal)      Asst. District Attorney General
     Lowell Thomas State Office Building
     Jackson, TN 38301


OPINION FILED:_____



AFFIRMED AND REMANDED



GARY R. WADE, JUDGE

## OPINION

The defendant, David Davenport, was convicted of automobile burglary and theft of property valued over $10,000. See Tenn. Code Ann. §§ 39-14-402(a)(4) (Class E felony), 39-14-101 and -105(4) (Class C felony). The trial court merged the convictions into a single count of theft over $10,000 and imposed a Range I sentence of three years.

In this appeal of right, the defendant challenges the sufficiency of the evidence and complains that the sentence was improper. We affirm the sentence and conviction but remand for the trial court to modify the judgment form to provide the correct statutory reference.

Sometime between 11:30 P.M. on December 8, 1994, and 10:00 A.M. on the following morning, a Chevrolet Silverado pickup truck owned by Gregory McComick was stolen from the parking lot of his place of employment. Four months earlier, the victim had acquired the vehicle for $26,000.00. McComick, who had driven the vehicle only 600 miles before the theft, estimated the value of the truck to be $23,000.00.

At about midnight, James Alexander, a co-worker of the victim at the Columbus-McKinnon factory in Lexington, observed a stolen vehicle being driven out of the parking lot. Tonya Atkinson had seen the defendant and his girlfriend, Lisa Colson, and Braxton Hicks in a silver Monte Carlo on the evening before the theft. Alexander had seen a silver Monte Carlo parked on a street near the Columbus-McKinnon parking lot when the victim's truck was stolen. The Monte Carlo was driven away once the stolen vehicle passed by. About three hours later, Ms. Colson asked Ms. Atkinson and her fiancé "to take her to Parker's Crossroads

2

to see if David had got away okay."  Three days later, Linda Allen, the mother of Ms. Colson, received a telephone call from the defendant.  The defendant asked her if she had heard anything and then admitted stealing a truck from a factory parking lot in Lexington.

A jury verdict, approved by the trial judge, accredits the testimony of the witnesses for the state and resolves all conflicts in favor of the theory of the state.  State v. Hatchett, 560 S.W.2d 627, 630 (Tenn. 1978).  On appeal, the state is entitled to the strongest legitimate view of the evidence and all reasonable or legitimate inferences which might be drawn therefrom.  State v. Cabbage, 571 S.W.2d  832, 835 (Tenn. 1978).  The credibility of the witnesses, the weight to be given their testimony, and the reconciliation of conflicts in the evidence are matters entrusted exclusively to the jury as triers of fact.  Byrge v. State, 575 S.W.2d 292, 295 (Tenn. Crim. App. 1978).  This court may not re-evaluate the evidence or substitute its inferences for those drawn by the trier of fact from the evidence.  Farmer v. State, 574 S.W.2d 49, 51 (Tenn. Crim. App. 1978); State v. Grace, 493 S.W.2d 474, 476 (Tenn. 1973).  A conviction may only be set aside when the reviewing court finds that the "evidence is insufficient to support the finding by the trier of fact of guilt beyond a reasonable doubt."  Tenn. R. App. P. 13 (e).

A person commits a theft of property if, with intent to deprive the owner thereof, he knowingly obtains or exercises control over the property without the owner's consent.  Tenn. Code Ann. § 39-14-103.  If the value is in excess of $10,000 but less than $60,000, the theft is a Class C felony.  Tenn. Code Ann. § 39-14-105(4).

Here, the circumstances clearly linked the defendant to the crime.  His

3

girlfriend, Ms. Colson, asked Ms. Atkinson to "see if David had got away." Later, the defendant admitted to Ms. Colson's mother that he "stole a truck off a parking lot at a factory there in Lexington." The value of the stolen vehicle was established by the victim. In our view, this evidence demonstrates that a rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt.

Next, the defendant concedes that a Range I, three-year sentence for the Class C felony is the minimum possible. He points out that if the trial court had not merged the convictions, a three-year sentence would exceed the statutory maximum for vehicular burglary, a Class E felony. Tenn. Code Ann. § 39-14-402(a)(4). Counsel for the defendant notes that the judgment form mistakenly refers to Tenn. Code Ann. § 39-14-402, the vehicular burglary statute, for the conviction of theft over $10,000.00.

The record demonstrates that the defendant was not sentenced at all on the vehicular burglary conviction; thus, the point raised by the defendant is moot. See State v. Baby John Doe, 813 S.W.2d 150, 152 (Tenn. Crim. App. 1991). The state concedes that the judgment form requires correction. Thus, the conviction and sentence are affirmed and the case is remanded for the trial court to correct the judgment form to provide for theft of property over $10,000, Tenn. Code Ann. § 39-14-103. See Tenn. R. Crim. P. 36 (providing for correction of clerical mistakes on judgment forms).

_____
Gary R. Wade, Judge

4

CONCUR:


_____
John H. Peay, Judge


_____
Thomas T. Woodall, Judge