IN THE COURT OF APPEALS OF TENNESSEE
AT NASHVILLE
Assigned on Briefs February 22, 2002

## JEFFREY WAYNE HAITHCOTE v. DONAL CAMPBELL

**Appeal from the Chancery Court for Davidson County**
**No. 98-1047-II     Carol McCoy, Chancellor**

---

**No. M2001-01828-COA-R3-CV - Filed August 13, 2002**

---

A prisoner convicted of numerous crimes filed a Petition for Declaratory Judgment, arguing that the Department of Correction had erred in its calculation of his sentence expiration date, and that he was entitled to be released. The Department stood by the correctness of its calculations. The petitioner's sentence expired during the course of the proceedings, and he was released. The trial court then dismissed the petition as moot. We affirm.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Chancery Court**
**Affirmed and Remanded**

BEN H. CANTRELL, P.J., M.S., delivered the opinion of the court, in which WILLIAM C. KOCH, JR. and WILLIAM B. CAIN, JJ., joined.

Jeffrey W. Haithcote, Shelbyville, Tennessee, Pro Se.

Paul G. Summers, Attorney General and Reporter; Michael Moore, Solicitor General; and Pamela S. Lorch, Assistant Attorney General, for the appellee, State of Tennessee.

### OPINION

### I.  A LENGTHY RECORD

Jeffrey Wayne Haithcote was convicted of a string of felonies and misdemeanors, starting in 1982. These included robbery, larceny, grand larceny, aggravated assault, armed robbery, convicted felon carrying a firearm, attempt to commit burglary, petit larceny, and possession of Schedule VI drugs. One of his convictions resulted from a crime committed while he was serving a sentence at the Nashville Community Service Center, and four from crimes committed while he was on parole from prison. After his parole was revoked the second time, the Parole Board declined further parole consideration until the end of his sentence.

On April 3, 1998, Mr. Haithcote filed a Petition for Declaratory Judgment in the Chancery Court of Davidson County, pursuant to Tenn. Code Ann. § 29-14-101, et seq. He claimed that the Department of Correction improperly calculated the total length of his sentence, that it had expired on November 8, 1997, and that he was therefore entitled to be released.

On September 21, 1998, the Department filed a motion to dismiss the petition pursuant to Rule 12.02(6) Tenn. R. Civ. P., or in the alternative for summary judgment. Attached to the motion was the affidavit of Faye Claud, the Department's Manager of Sentence Information Services, detailing Mr. Haithcote's sentencing history, together with a manual calculation of his sentence, which took into account his pretrial jail credit, sentence reduction credits, delinquent time for committing felonies on parole, and loss of good conduct credit.

Mr. Haithcote's record included a sentence of ten years for armed robbery, as well as sentences of five years, four years and nine months, four years (2), two years, and one year (3) for other crimes. Most of these sentences were ordered to be served consecutively. *See* Tenn. Code Ann. §§ 39-13-526, 40-20-111, 40-28-123 and 40-35-504(e). Ms. Claud calculated that because of sentence reduction credits he had earned through August 1998, Mr. Haithcote's sentence was scheduled to expire on April 18, 2001.

Mr. Haithcote filed a lengthy response to the respondent's Summary Judgment Motion, and the trial court ordered the Department to submit a Statement of Undisputed Material Facts before it would rule on the motion. *See* Rule 56.03, Tenn. R. Civ. P. We will not discuss the content of the subsequently filed statement in any detail, nor of any of the subsequent motions and responses in this case, as this is not necessary for resolution of the one issue on appeal, but it appears to us that the Department and the chancellor addressed the arcane and complicated issues that arise from sentence calculation with the seriousness and care that they deserve.

## II. ARGUMENTS IN THE TRIAL COURT

On May 9, 2000, the trial court filed an order granting the Department partial summary judgment. The chancellor found that the petitioner's primary claim was based upon an incorrect understanding of the law relating to sentence calculation. Mr. Haithcote had cited the case of *Howell v. State*, 569 S.W.2d 428 (Tenn. 1978) and Tenn. Code Ann. § 40-35-501 for the premise that upon reaching the release eligibility date (RED) on a particular sentence, the next consecutive sentence begins to run, unless a hearing is conducted which results in a different determination.

The *Howell* case deals with the calculation of consecutive life sentences, and with the effect on consecutive sentences of being paroled on the first such sentence, while remaining locked up for the others. In such situations, a cell parolee may manage to serve parts of two consecutive sentences at the same time. This was not Mr. Haithcote's situation, and the chancellor correctly found that *Howell* was not on point. Tenn. Code Ann. § 40-35-501 is also irrelevant. The court noted that while a hearing is required before the RED on any one sentence can be extended, it is not required

when the separately calculated REDs for consecutive sentences are added together to determine a single RED for the total sentence. *See* Tenn. Code Ann. § 40-35-501(a)(3) and (j).

The court ruled, however, that the Department was not entitled to summary judgment on one of Mr. Haithcote's claims. The chancellor found an apparent contradiction in Ms. Claud's affidavit regarding the interaction between a sentence for a drug conviction and one for petit larceny. She accordingly ordered the Department to supply her with a copy of the judgment for the drug conviction, together with an explanation of the apparent contradiction, and ordered the petitioner to submit a response.

Mr. Haithcote's sentence expired on May 18, 2000, and he was released at that time. Shortly thereafter, he filed a notice of change of address, and asked if, in lieu of filing a written response, he could be allowed to personally appear in court to explain his position. The trial court ruled that he would be allowed oral argument on the Motion for Summary Judgment, but that a personal appearance did not excuse him from filing a written response, so that the Department had a fair chance to respond to his arguments. The hearing was conducted on January 12, 2001. The Department argued that since Mr. Haithcote's sentence had expired, his case was now moot, and should be dismissed. The chancellor agreed, and on June 27, 2001, she dismissed his petition. This appeal followed.

### III. THE QUESTION OF MOOTNESS

The prime function of our judicial system is to settle, determine, and end differences between parties. *See* 8 *Tennessee Jurisprudence*, *Courts*, § *2* (2002). A case or claim that has lost its character as a present or live controversy is considered moot, and may be dismissed for that reason. *Cashion v. Robertson,* 955 S.W.2d 60 (Tenn. Ct. App. 1997); *Dockery v. Dockery*, 559 S.W.2d 952 (Tenn. Ct. App. 1977); *McCanless v. Klein*, 188 S.W.2d 745, 747 (Tenn. 1945).

A case will be considered moot if the court cannot give the complaining party the relief he seeks. In the present case, the petitioner asked only to be released from prison. Since he has already been released, the trial court is no longer in a position to give him that relief. Our courts have recognized that cases seeking release from jail or prison generally become moot when the prisoner has completed his sentence. *See McIntyre v. Traughber,* 884 S.W.2d 134 (Tenn. Ct. App. 1994); *State v. Doe*, 813 S.W.2d 150 (Tenn. Crim. App.1991); *State ex rel. Lewis v. State*, 347 S.W.2d 47 (Tenn. 1961).

Our courts have also recognized several exceptions to the mootness doctrine, ruling that they need not dismiss cases on the ground of mootness when the issue involved is of great public interest and important to the administration of justice, and/or when it is capable of repetition, but likely to evade review if not addressed by the courts. *See McIntyre v. Traughber,* 884 S.W.2d 134 (Tenn. Ct. App. 1994); *LaRouche v. Crowell*, 709 S.W.2d 585 (Tenn. Ct. App. 1985); *Walker v. Dunn*, 498 S.W.2d 102 (Tenn. 1972).

While issues involving the correct calculation of sentence expiration dates for multiple offenders will no doubt arise again, this case is focused upon particularized sentence calculations that do not appear to have a wider application. We agree with the trial court that Mr. Haithcote's claim does not fall within either of the two exceptions to the mootness doctrine. We therefore affirm the dismissal of his petition.

**IV.**

The order of the trial court is affirmed. Remand this cause to the Chancery Court of Davidson County for further proceedings consistent with this opinion. Tax the costs on appeal to the appellant, Jeffrey Wayne Haithcote.

_____
BEN H. CANTRELL, PRESIDING JUDGE, M.S.