IN THE COURT OF APPEALS OF TENNESSEE
AT JACKSON
ASSIGNED ON BRIEFS JULY 20, 2010

## WILLIAM C. BROTHERS v. OFFICE OF THE GOVERNOR, PHIL BREDESEN, ET AL.

**Direct Appeal from the Chancery Court for Lauderdale County**
**No. 13992      William C. Cole, Chancellor**

_____

**No. W2009-00227-COA-R3-CV - Filed August 20, 2010**

_____

Appellant filed petitions seeking increased library access as well as his release from incarceration. Because Appellant has been unconditionally released from prison, we find his appeal moot and affirm the trial court's dismissal of his claims.

**Tenn. R. App. P. 3; Appeal as of Right; Judgment of the Chancery Court Affirmed**

ALAN E. HIGHERS, P.J., W.S., delivered the opinion of the Court, in which DAVID R. FARMER, J., and HOLLY M. KIRBY, J., joined.

William C. Brothers, Henning, Tennessee, *pro se*

Robert E. Cooper, Jr., Attorney General and Reporter, Michael E. Moore, Solicitor General, Jennifer L. Brenner, Assistant Attorney General, Nashville, Tennessee, for the appellees, Office of the Governor, Phil Bredesen, et al

### I. FACTS & PROCEDURAL HISTORY

William C. Brothers ("Appellant"), an inmate of the Tennessee Department of Correction ("TDOC"), filed a "Petition for Declaratory Judgment and for Writ of Mandamus" on June 27, 2008, in the Lauderdale County, Tennessee, Chancery Court, seeking an order that the prison library where he was housed be operated pursuant to the applicable TDOC policy, and seeking his release from prison. The defendants, Governor Phil Bredesen and Tennessee Attorney General Robert E. Cooper, Jr., filed a motion to dismiss on August 18, 2008, pursuant to Tennessee Code Annotated section 41-21-812, which bars an inmate from filing a subsequent lawsuit until prior fees, taxes, costs and other expenses are paid in full.[1] Attached to the defendants' motion was the affidavit of Kathy Rupard, Deputy Clerk of the Tennessee Court of Appeals, showing outstanding court costs of $350.56 associated with cases M2007-02560-SC-S10-CO, M2007-01202-COA-R3-HC, and M2007-00972-CCA-R3-CD.

Appellant then filed a "Petition for Habeas Corpus" on September 18, 2008, seeking his immediate release, claiming that the trial judge illegally amended the judgment against him and failed to consider the entire record or the statutory factors when imposing his sentence. The trial court subsequently granted the defendants' motion for dismissal on December 2, 2008, finding his suit was precluded pursuant to Tennessee Code Annotated section 41-21-812, and further finding that the chancery court lacked jurisdiction over his habeas corpus claim.

Appellant filed a notice of appeal on December 22, 2008. On May 12, 2009, he filed a "Motion to Correct and Modify Record on Appeal," seeking to have eight additional documents designated as part of the record on appeal. The Chancellor rejected the inclusion of seven documents, but allowed the inclusion of Appellant's two-page "Notice that No Transcript is to be Filed" filed with the court on December 31, 2008.

On June 7, 2010, the defendants filed a motion to dismiss the appeal, asserting that the appeal was barred due to $784.00 in outstanding cost assessments stemming from case number M2008-02249-COA-R3-CV, as evidenced by an attached affidavit. On June 25, 2010, this Court entered an Order denying the defendants' motion because Appellant filed

---

[1]However, a court may allow an inmate to seek injunctive relief where "an act or failure to act . . . creates a substantial threat of irreparable injury or serious physical harm to the inmate." **Tenn. Code Ann. § 41-21-812**. Appellant has made no such allegation.

his notice of appeal prior to the assessment of these fees.

## II. ISSUE PRESENTED

Appellant presents the following issue for review, as we perceive it:

1. Whether the chancery court erred in dismissing Appellant's petition for declaratory judgment and writ of mandamus, and in finding that it lacked jurisdiction over his habeas corpus petition.

Because we find the case moot, we affirm the trial court's dismissal of Appellant's claims.

## III. DISCUSSION

The central issue raised by Appellant is whether the trial court properly dismissed his petition for declaratory judgment and writ of mandamus pursuant to Tennessee Code Annotated section 41-21-812, and whether it properly dismissed his habeas corpus petition for lack of jurisdiction. On appeal, Appellant argues that dismissal for unpaid costs was inappropriate because he allegedly paid his invoices prior to dismissal, because the court could not "unfile" his claim after filing, and because the court waived section 41-21-812's filing preclusion by accepting Appellant's $8.00 filing fee. Additionally, Appellant maintains that the chancery court should have exercised jurisdiction over his habeas corpus petition because under the "general Rule of Equitable Jurisprud[ence] . . . where the Court has assumed jurisdiction for one purpose it will retain it for all purposes, legal or equitable, connected with the princip[al] controversy."

On appeal, Appellant essentially seeks more frequent access to the prison library as well as his release from incarceration. According to the affidavit of Assistant Attorney General Jennifer L. Brenner, and an attached printout of the Tennessee Offender Management Information System, Appellant's sentence expired on May 19, 2009, and he was released from TDOC custody at that time. Consequently, the defendants argue that this appeal is now moot and we agree.

"The doctrine of justiciability prompts courts to stay their hand in cases that do not involve a genuine and existing controversy requiring the present adjudication of present rights." *McIntyre v. Traughber*, 884 S.W.2d 134, 137 (Tenn. Ct. App. 1994) (citing *State ex rel. Lewis v. State*, 347 S.W.2d 47, 48 (Tenn. 1961); *Dockery v. Dockery*, 559 S.W.2d 952, 954 (Tenn. Ct. App. 1977)). Thus, this Court will not render an advisory opinion. *Id.* (citing

*Super Flea Mkt v. Olsen*, 677 S.W.2d 449, 451 (Tenn. 1984); *Parks v. Alexander*, 608 S.W.2d 881, 892 (Tenn. Ct. App. 1980)). A case must be justiciable not only when first filed, but also throughout the course of the litigation, including the appeal. **Id.** (citing *Lewis v. Continental Bank Corp.*, 494 U.S. 472, 477 (1990); *Kremens v. Bartley*, 481 U.S. 119, 128-29 (1977); 13A Charles A. Wright et al., *Federal Practice and Procedure* §§ 3533, 3533.10 (2d ed. 1984)).

"The concept of mootness deals with the circumstances that render a case no longer justiciable." **Id.** (citing *Davis v. McClaran*, No. 01A01-9304-CH-00164, 1993 WL 523667 (Tenn. Ct. App. Dec. 10, 1993)). A moot case is one that no longer presents a present, live controversy. **Id.** (citing *McCanless v. Klein*, 188 S.W.2d 745, 747 (Tenn. 1945); *Krug v. Krug*, 838 S.W.2d 197, 204 (Tenn. Ct. App. 1992); *LaRouche v. Crowell*, 709 S.W.2d 585, 587 (Tenn. Ct. App. 1985)). "The central question in a mootness inquiry is whether changes in the circumstances existing at the beginning of the litigation have forestalled the need for meaningful relief." **Id.** (citing *Federal Practice and Procedure* § 3533.3, at 261). "A case will generally be considered moot if it no longer serves as a means to provide relief to the prevailing party." **Id.** (citing *Church of Scientology v. United States*, 506 U.S. 9 (1992); *Knott v. Stewart County*, 207 S.W.2d 337, 338-39 (Tenn. 1948); *Massengill v. Massengill*, 255 S.W.2d 1018, 1019 (Tenn. Ct. App. 1952)).

"[A]n appeal concerning the legality of a prisoner's incarceration becomes moot upon the prisoner's unconditional release." **Id.** (citing *State ex rel. Lewis v. State*, 347 S.W.2d 47, 49 (Tenn. 1961); *State v. Doe*, 813 S.W.2d 150, 152 (Tenn. Crim. App. 1991)). Moreover, an appeal concerning his library access has no practical effect on his present rights and privileges now that he has been unconditionally released from custody. Because Appellant no longer has a personal stake in the outcome of this litigation, we find the appeal moot, and we affirm the trial court's dismissal of Appellant's claims.

## IV. CONCLUSION

For the aforementioned reasons, we affirm the chancery court's dismissal of Appellant's claims. Costs of this appeal are taxed to Appellant, William C. Brothers, for which execution may issue if necessary.

_____
ALAN E. HIGHERS, P.J., W.S.