R. L. CANTRELL *v.* S. GOLDEN.

(*Nashville.* December Term, 1907.)

1. **MANDAMUS.** Not to be granted when useless; not to compel trial judge to sign bill of exceptions containing matter stricken out by him, when.

   *Mandamus* is a discretionary writ, and it will not be granted in any case where the court can see that it would be useless. Hence, where a trial judge refused to sign a bill of exceptions containing a certain statement, and struck the same out of the bill of exceptions signed by him, a *mandamus* will not lie to compel him to do so, in view of the probability that he would make a return to the alternative writ that the alleged action did not occur; for in the face of such a return, a peremptory writ would not be granted.

2. **SAME.** Same. Bill of exceptions must be corrected in court of civil appeals; record not changed in supreme court which reviews the case as it was in the court of civil appeals.

   After a case passes the court of civil appeals, no change can be made in the bill of exceptions. The application for a *mandamus* to compel the trial judge to sign a bill of exceptions containing a certain statement in a case appealable and appealed to the court of civil appeals must be made to that court. Under the act establishing the said court of civil appeals, the supreme court must try the case taken up by *certiorari* on the record on which that court acted.

---

FROM DE KALB.

---

Appeal in error from the Circuit Court of De Kalb County to the Court of Civil Appeals, and by Certiorari

from the Court of Civil Appeals.—JOE C. HIGGINS, Judge.

T. W. WADE and R. L. CANTRELL, for Cantrell.

DRAKE BROS. and CROWLEY BROS., for Golden.

---

MR. JUSTICE NEIL delivered the opinion of the Court.

This is an application for *mandamus* to compel the circuit judge to sign a bill of exceptions, so as to make it state that the petitioner had claimed a jury in the court below.   It appears from the petition that a bill of exceptions was presented to the trial judge containing the statement now asked to be inserted, and that he struck it out.   It also appears that this case was appealed from the circuit court of De Kalb county to the court of civil appeals and there tried, and that the case was thence brought into this court by the writ of *certiorari,* in accordance with the practice laid down in the act establishing the court of civil appeals.   No application for mandamus was made in that court.

On the facts stated the application must be denied on two grounds:   First.   The writ of *mandamus* being a discretionary writ, it will not be granted in any case where the court can see that it would be useless. The circuit judge having already refused to sign a bill of exceptions containing the matter now sought to be inserted, and no reason being shown as a basis for supposing or believing that he has changed his view

Cantrell v. Golden.

about the matter, or his recollection of what happened in the court below, we cannot suppose that he would do otherwise than make a return to the alternative writ, to the effect that no such action took place in the court below.    In the face of such return this court would not grant a peremptory writ.    Secondly.    The application should have been made to the court of civil appeals.    After a case passes that court no change can be made in the bill of exceptions.    Under the act establishing the court of civil appeals this court must try a case when brought here by *certiorari* on the record on which the court of civil appeals acted.

On the grounds stated, we are of opinion there is no merit in the application, and it must be disallowed.