WINSTEAD H. HYDE v. ROBERT DUNLAP, et al., and LINDSLEY WINSTEAD v. ROBERT DUNLAP et al.

No petition for Certiorari was filed.

Middle Section.    October 23, 1926.

1. **Mandamus.** The writ of mandamus will lie to require a clerk to perform an official duty.

The writ of mandamus lies to require the clerk of the circuit court to perform an official duty such as certifying the record of a case to an appellate court.

2. **Mandamus.** An appellate court may issue the writ of mandamus whenever necessary to the exercise of its appellate jurisdiction.

The jurisdiction of the Court of Appeals to award the writ of mandamus is merely auxiliary to its appellate power. This jurisdiction it possesses, not by virtue of any statute, but under the common law, as inherent and necessary to the exercise of its function as a court of appellate jurisdiction.

3. **Mandamus.** The reservation of jurisdiction of mandamus cases to the Supreme Court by the Act of 1925 does not prevent the Court of Civil Appeals from issuing the writ when necessary to its appellate jurisdiction.

Notwithstanding the reservation of jurisdiction of mandamus cases to the Supreme Court by the Act of 1925 the Court of Appeals has inherent power, as a necessary incident to its appellate jurisdiction, to grant the writ of mandamus to require records to be brought up in a case on appeal.

Mandamus to the Clerk of Circuit Court of Davidson County.
Mandamus granted.
B. A. Butler and W. C. Davidson, of Nashville, for petitioners.

FAW, P. J.   Winstead H. Hyde and Lindsley Winstead, describing themselves as resident citizens of Davidson county, Tennessee, filed a petition in this court on October 11, 1926, praying for a writ of mandamus to require the clerk of the circuit court of Davidson county, Tennessee, to transmit to this court a transcript of the record in the cases of Winstead H. Hyde v. Robert Dunlap et al., and Lindsley Winstead v. Robert Dunlap et al.

It is alleged in the petition that on June 16, 1925, the two above-styled cases were tried together in the first circuit court of Davidson county before Honorable A. G. Rutherford, judge, without the intervention of a jury, and the court pronounced judgment against petitioners for the costs of the cases and same were dismissed, to which action of the court petitioners excepted at the time.

It is further alleged in the petition that on July 11, 1925, and before the expiration of thirty days from the date of said final judgment, petitioners entered a motion for a new trial in said cases, which motion was overruled by the court, to which action of the court petitioners excepted and then moved the court in arrest of judgment, which motion was likewise by the court overruled, to which action of the court petitioners excepted and prayed an appeal to this court, which appeal was granted upon the execution of bond or taking the pauper oath as provided by law; that petitioners were given thirty days within which to perfect their appeal and prepare and file their bill of exceptions, and petitioners perfected their appeal by filing with the clerk their respective pauper's oaths as provided by law for poor persons; that on August 1, 1925, and before the expiration of the thirty days theretofore granted, upon motion of petitioners the time for the filing of their bill of exceptions was extended to September 1, 1925; that petitioners prepared their bill of exceptions, which was signed by the trial judge, Honorable A. G. Rutherford, on September 1, 1925, and ordered to be filed and made a part of the record in these cases, and said bill of exceptions was on said date filed by the clerk of said court.

It is further alleged in the petition that the clerk of the circuit court of Davidson county has failed and refused and still refuses to transmit to this court a transcript of the record in said cases; that, although he has been repeatedly requested to do so by counsel for petitioners, said clerk refuses to make up the transcript of the record in said cases, giving as his reason for such refusal that since the perfection of the appeal and filing of the bill of exceptions as afore-

said the trial judge has ordered him not to make up the transcript and not to transmit the same to this court.

It is the theory and insistence of petitioners, as stated in their petition, that the cases having been appealed to this court, the said circuit court lost all jurisdiction over same, and that any instructions or orders made by the trial judge after the signing and filing of the bill of exceptions (and perfection of the appeal) are void and of no effect, and it is the duty of the circuit court clerk to prepare the transcript of the record and transmit it to this court, which now has exclusive jurisdiction of the cases.

Petitioners say that by the failure and refusal of the said clerk of the circuit court to transmit to this court a transcript of the record in said cases they are being deprived of their right to have the matters involved in said cases tried and determined in this court, and they pray that an alternative writ of mandamus issue commanding W. H. Lingner, clerk of the circuit court of Davidson county, to transmit to this court a transcript of the record in the above-styled cases, or to appear and show cause why he has not done so, and that, upon the hearing, a peremptory writ of mandamus issue commanding the said W. H. Lingner, clerk, to prepare and transmit to this court a transcript of the record in said cases, and the petitioners pray for general relief.

It is stated that this is the first application for a writ of mandamus in these cases, and the petition is verified by the several oaths of Lindsley Winstead and Eliza Hyde, guardian of Winstead H. Hyde.

The writ of mandamus lies to require the clerk of a circuit court to perform an official duty such as that sought by the petition in this case. James Ricks, ex parte, 7 Heisk., 364; U. S. v. Gomez, 3 Wall. (U..S.), 752, 18 L. Ed., 212, 216; 18 R. C. L., p. 253.

An appellate court may issue the writ of mandamus whenever necessary to the exercise of its appellate jurisdiction. Ing. v. Davey, 2 Lea, 276, 279; King v. Hampton, 3 Hayw., 59. 60; State ex rel. v. Hall, 3 Cold., 255, 261, 263; State v. Hall, 6 Baxt., 3, 7; State v. Elmore, 6 Cold., 528, 531; Vanvabry v. Staton, 88 Tenn., 334, 340, 12 S. W., 786; State ex rel v. Cooper, 107 Tenn., 202, 209, 64 S. W., 50; State v. Sneed, 105 Tenn., 711, 732-733, 58 S. W., 1070.

By the terms of the "Act to reorganize the Appellate Court System, etc." (1925, ch. 100, sec. 10) appellate jurisdiction of mandamus cases was reserved to the Supreme Court. If the petition now under consideration presents a "mandamus case" within the contemplation of the aforesaid provisions of the Act of 1925, chapter 100, this court cannot entertain it. But, in our opinion, the aforesaid provision of the Act of 1925 relates alone to mandamus cases appealed from the circuit and chancery courts. Neither the Supreme Court nor this court has original jurisdiction of mandamus cases.

"The jurisdiction of this court to award the writ of mandamus is merely auxiliary to its appellate power. This jurisdiction it possesses, not by virtue of any statute, but under the common law, as inherent and necessary to the exercise of its functions as a court of appellate jurisdiction." State v. Hall, 6 Baxt., 3, 7.

" It is a power inherent in every appellate court as a necessary incident to its appellate jurisdiction." Vanvabry v. Staton, 88 Tenn., 334, 340, 12 S. W., 786.

In the case of State v. Sneed, supra, the Supreme Court said:

"This court, in aid of its appellate jurisdiction, has used the remedy of mandamus from its foundation. Indeed, it and the writs of error, certiorari, and supersedeas are possibly the only remedies this court does or can use in aid of its appellate jurisdiction, and in aid of that appellate jurisdiction it has the power to grant the writ without regard to other remedies. Upon a suggestion of a diminution of a record, this court every day orders the clerk below to send up a perfect transcript, and this, while called a certiorari, is but one form of a mandamus to a ministerial officer in aid of its appellate jurisdiction. So, likewise, when a judicial officer does an act which he has no power to do, or refuses to do an act which the law requires him to do, and the right of the litigant to an appeal or review is cut off or embarrassed thereby, this court can and always does remove the impediment by setting aside the unauthorized illegal act of the trial judge or by compelling him to do that which the law requires him to do."

As pointed out by the Supreme Court in the opinion just quoted, the grant of the relief sought by the present petition would be, in its essential features, the same as the grant of the writ of certiorari upon a suggestion of a diminution of the record.

In all cases wherein appeals or appeals in the nature of writs of error would lie to this court it has power to grant writs of error, certiorari and supersedeas. (Acts of 1925, ch. 100, sec. 11).

Prior to the Act of 1925, chapter 100, it was held that the application for a mandamus in aid of the appellate jurisdiction of the Court of Civil Appeals must be made to that court, and not to the Supreme Court. Cantrell v. Golden, 120 Tenn., 204, 206, 109 S. W., 1154.

At the time Cantrell v. Golden, supra, was decided, the Court of Civil Appeals had appellate jurisdiction of mandamus cases, but we think it obvious that the court's decision did not rest on that ground, and that, notwithstanding the reservation of jurisdiction of mandamus cases to the Supreme Court by the Act of 1925, this court has inherent power, as a necessary incident to its appellate jurisdiction, to grant the writ sought by the present petition.

It is stated in the affidavit to the petition that, owing to their poverty, the petitioners are unable to bear the expense of this action, and that they are justly entitled to the relief sought to the best of

their belief. An order will be entered directing the clerk of this court to issue an alternative writ of mandamus pursuant to the prayer of the petition, returnable on Wednesday, the 10th day of November, 1926, commanding the said W. H. Lingner, clerk of the circuit court of Davidson county, to transmit to this court a certified transscript of the record in the aforesaid cases of Winstead H. Hyde v. Robert Dunlap et al., and Lindsley Winstead v. Robert Dunlap et al., or to appear before this court on the aforesaid day at 9:15 o'clock A. M. and show cause why he has not done so.

Crownover and Dewitt, JJ., concur.