ALMA BLANTON v. TENNESSEE CENTRAL RAILWAY CO.

Middle Section.   November 20, 1926.

Petition for Certiorari denied by Supreme Court March 26, 1927.

1. **Mandamus.   Court of Appeals may issue writ of mandamus in aid of its appellate jurisdiction.**
   The Court of Appeals has no appellate jurisdiction of mandamus cases, but, in aid of its appellate jurisdiction in other cases, it has inherent power to grant a writ of mandamus to compel a trial judge to sign a bill of exceptions, if the record discloses facts which justify the issuance of the writ.

2. **Bill of exceptions.   Judge cannot sign after expiration of time granted.**
   Where the trial court grants an appeal and allows the appellant thirty days time in which to file a bill of exceptions, the trial judge has no power to validate a bill of exceptions after the expiration of the time thus granted.

3. **Bill of exceptions.   Time for filing cannot be extended by order made after adjournment of term.**
   Where an appeal is granted and the appellant is allowed thirty days time in which to file a bill of exceptions, the time cannot be extended by an order made after the adjournment of the term at which the appeal was granted.

Petition for mandamus to Third Circuit Court, Davidson County. Petition for mandamus denied.

B. A. Butler and W. C. Davidson, of Nashville, for petitioner.

R. F. Jackson, of Nashville for defendant.

FAW, P. J.   A transcript of the technical record in the above styled case was filed in this court on July 21, 1926, from which it

appears that the case was brought to this court by an appeal in the nature of a writ of error prayed, obtained and perfected by Alma Blanton, the plaintiff below, from a judgment of the third circuit court of Davidson county dismissing her suit and taxing her with the costs.

On September 4, 1926, plaintiff Alma Blanton filed a petition in the office of the clerk of this court praying for a writ of mandamus to require the Honorable E. F. Langford, Judge of the third circuit court of the tenth judicial circuit, holden at Nashville, to sign a bill of exceptions exhibited with the petition, or, in the alternative, to appear before this court and show cause why he should not sign same. The fact that such a petition had been filed was not brought to the attention of the court until November 10, 1926, when it was called up by the attorneys for petitioner and taken under advisement by the court.

The jurisdiction of this court is appellate only (Act of 1925, chap. 100, sec. 10), and it has no power to entertain petitions for, or to issue, statutory writs of mandamus pursuant to the Code sections (Shannon, 5331-5339).

Appellate jurisdiction of mandamus cases was reserved to the Supreme Court by the terms of the Act of 1925, chap. 100, "to reorganize the appellate court system etc.;" but, in our opinion, the aforesaid provision of the Act of 1925 relates alone to mandamus cases appealed from the circuit and chancery courts.

But the writ sought by the petition in the present case would be, if granted, in aid of the appellate jurisdiction of this court. In State v. Sneed, 105 Tenn., 711, 732-733, it is said: "This court, in aid of its appellate jurisdiction, has used the remedy of mandamus from its foundation. Indeed, it and the writ of error, certiorari and supersedeas are possibly the only remedies this court does or can use in aid of its appellate jurisdiction, and in aid of that appellate jurisdiction it has the power to grant the writ without regard to other remedies. Upon a suggestion of a diminution of a record, this Court every day orders the clerk below to send up a perfect transcript, and this, while called a certiorari, is but one form of a mandamus to a ministerial officer in aid of its appellate jurisdiction. So, likewise, when a judicial officer does an act which he has no power to do, or refuses to do an act which the law requires him to do, and the right of the litigant to an appeal or review is cut off or embarrassed thereby, this court can and always does remove the impediment by setting aside the unauthorized illegal act of the trial judge or by compelling him to do that which the law requires him to do."

And in Vanvabry v. Staton, 88 Tenn., 334, 340, the court said: "The power of this court, though exclusively a court of appellate jurisdiction, to compel by mandamus the signing of a bill of excep-

tions by the trial judge, cannot be now questioned. It is a power inherent in every appellate court as a necessary incident to its appellate jurisdiction.'' See also Ing v. Davey, 2 Lea, 276, 279; King v. Hampton, 3 Hayw., 59, 60; State ex rel v. Hall, 3 Cold., 255, 261, 263; James Ricks, ex parte, 7 Heisk., 364; State v. Hall. 6 Baxt., 3, 7; State v. Elmore, 6 Cold., 528, 531; State ex rel. v. Cooper, 107 Tenn., 202, 209.

An application for a mandamus to compel a trial judge to sign a bill of exceptions in a case appealable and appealed to this court should be made to this court. Act of 1925, chap. 100, sec. 11; Cantrell v. Golden, 120 Tenn., 204, 206. At the time Cantrell v. Golden, supra, was decided, the Court of Civil Appeals had appellate jurisdiction of mandamus cases, but we think it obvious that the Supreme Court's decision did not rest on that ground, and that, notwithstanding the reservation of jurisdiction of mandamus cases to the Supreme Court by the Act of 1925, this court has inherent power, as a necessary incident to its appellate jurisdiction, to grant the writ sought by the present petition, if the petition, when read in connection with the transcript of the record, discloses facts which justify the relief sought.

Alma Blanton sued the Tennessee Central Railway Company for damages on account of alleged injuries to her person, and filed her declaration, to which the defendant pleaded not guilty, and the case was tried to a jury in the third circuit court of Davidson county. The jury found the issues in favor of the defendant and judgment of the court was entered on the verdict, dismissing plaintiff's suit at her cost. Plaintiff moved for a new trial, but her motion was overruled, and she thereupon excepted to the action of the court overruling said motion and prayed an appeal in the nature of a writ of error to this court, which was granted "upon the plaintiff executing an appeal bond or taking the oath prescribed for poor persons required by law," and the plaintiff was allowed thirty days from the date of the order granting the appeal "within which to file the bill of exceptions, execute her appeal bond or take the oath prescribed for poor persons required by law, and otherwise prepare and perfect her appeal."

The appeal was granted on April 10, 1926, and on May 10, 1926, plaintiff Alma Blanton perfected her appeal (on the technical record) by filing the oath prescribed for poor persons.

On the same day (May 10, 1926) an order was entered which recites that "upon motion of the plaintiff and for satisfactory reasons appearing to the court, the time for filing a bill of exceptions is extended ten days."

On May 15, 1926, an order by Judge Langford was entered in these words:

"In this cause, on the 10th day of May, 1926, an order, upon motion of plaintiff, was granted and entered allowing plaintiff ten days additional time within which to file her bill of exceptions, and it appearing to the court that the additional time was improperly allowed; it is therefore ordered by the court that this order granting additional time be set aside and for nothing held. To which action of the court plaintiff excepts."

After stating the history of the case in the circuit court, in substance as we have heretofore narrated it, the petitioner avers that the testimony offered on the trial was taken down by a court reporter employed by the defendant, and there being a considerable volume of the testimony and the defendant's counsel declining to allow the reporter to transcribe and furnish a copy of the testimony to the plaintiff, petitioner moved the court for an order on the defendant to turn over to the plaintiff a complete transcript of the evidence taken on the trial of the case by the stenographer, full fees being paid for said transcript; that the court overruled said motion and petitioner was forced to prepare her bill of exceptions from notes taken by her counsel in long hand, but chiefly from memory; that within the extension of time granted on May 10, 1926, to-wit on May 15, 1926, petitioner prepared and tendered, in open court, to E. F. Langford, Judge, a bill of exceptions and requested him to sign the same, but that Judge Langford refused to sign said bill of exceptions on grounds written and signed by him, as follows: "This bill of exceptions was presented to the court for signature on Saturday, May 15, 1926, when the court declines to sign the same, because presented after the expiration of thirty days, the time granted. (Signed) E. F. Langford, Judge."

The bill of exceptions tendered to Judge Langford as aforesaid was filed by petitioner as Exhibit "A" to and as a part of her petition, and petitioner averred that said bill of exceptions states the truth of the case as required by law and the practice of said court, and that its correctness has not been questioned, either by the Tennessee Central Railway Company or by Judge Langford.

Petitioner referred to the transcript of the technical record in said case, filed in this court on July 21, 1926, for its full contents, and prayed that an alternative mandamus issue to compel said E. F. Langford, Judge, to sign said bill of exceptions filed as Exhibit "A" to the petition, or appear before this court and show cause why he has not done so, and that, upon final hearing, a peremptory mandamus issue to compel the defendant Langford to sign said bill of exceptions.

Upon the facts thus appearing, Judge Langford was, in our opinion, without lawful authority to sign a bill of exceptions in the case after the expiration of the period of thirty days granted by

the order of April 10th, and therefore properly declined to sign the bill presented to him on May 15, 1926. The order of May 10th purporting to extend the time for filing a bill of exceptions was coram non judice and void, because made at a term subsequent to the term at which the final judgment and grant of appeal were entered.

The order of April 10, 1926, granting thirty days time in which to file a bill of exceptions, was made at the February term, and the order of May 10th purporting to extend the time granted was made at the succeeding May term. See chap. 17 of the Private Acts of 1919, fixing the times for the convening of the terms of all the circuit courts of the tenth judicial circuit on the first Monday in February, May and October of each year.

Prior to the Act of 1899, chap. 275, a bill of exceptions filed after the close of the term at which the case was tried came too late and could not be considered a part of the record. Rhinehart v. State, 122 Tenn., 698, 700.

The aforesaid Act of 1899, chap. 275, modified the previous rule by providing that ''the judge or Chancellor may in his discretion allow parties time in which to prepare a bill of exceptions, not to exceed thirty days after the adjournment;'' and by chap. 49 of the Acts of 1917, the time which the judge or Chancellor was authorized, in his discretion, to grant, was extended to sixty days.

Neither the statutes before mentioned, nor any other statutes of which we are aware, have vested the trial court with power to extend the time for filing a bill of exceptions by an order made after the adjournment of the term at which the appeal was prayed and granted. Rhinehart v. State, supra; Dunn v. State, 129 Tenn., 267, 276; National Refining Co. v. Littlefield, 142 Tenn., 689.

At any time before the adjournment of the February term, the court could have made a valid order, in the instant case, extending the time for filing a bill of exceptions (within the limits prescribed by the statute), but upon final adjournment of the term the power of the court over the record was gone, and the order of May 10th purporting to extend the time was a nullity. State v. Dalton, 109 Tenn., 544, 548-9; Shaw v. Shaw, 152 Tenn., 360, 363.

The petition for mandamus is denied and dismissed at the cost of the petitioner.

Crownover and DeWitt, JJ., concur.