**STATE of Tennessee, Appellee,**

v.

**Larry IRICK, Appellant.**

Supreme Court of Tennessee, at Knoxville.

Sept. 11, 1995.

William C. Talman, Knoxville, for appellant.

Charles W. Burson, Attorney General & Reporter, Nashville, Gordon W. Smith, Associate Solicitor General, Nashville, for appellee.

## OPINION

ANDERSON, Chief Justice.

In this appeal, the issue presented is whether the Court of Criminal Appeals correctly denied the defendant's request for a writ of mandamus to require the trial court to conduct a sentencing hearing. Because, in this case, issuance of the writ of mandamus is not necessary to aid the exercise of the appellate function of the Court of Criminal Appeals, we affirm the denial of the writ.

### *BACKGROUND*

The defendant, Larry Irick, pleaded guilty to three counts of vehicular homicide and two counts of vehicular assault. Irick received a six-year sentence in the Department of Corrections at thirty percent as a Range I offender and was sentenced to a total of twenty-four years probation. As a condition of the probated sentences, the trial court ordered Irick to pay restitution in the amount of any civil judgment later obtained by the victims of the crimes for which he was convicted.

Irick did not appeal, but filed a motion for reduction of sentence as authorized by Tennessee Rule of Criminal Procedure 35(b). After conducting an evidentiary hearing, the trial court denied relief. Irick appealed. The Court of Criminal Appeals affirmed the six-year sentence, but reversed and remanded for a new sentencing hearing on the issues of probation and restitution. *State v. Irick,*

861 S.W.2d 375, 377 (Tenn.Crim.App.1993). We denied the application for permission to appeal.

Thereafter, Irick filed in the trial court a *pro se* "motion for resentencing hearing," requesting that the trial court conduct the sentencing hearing as ordered by the Court of Criminal Appeals. The trial court denied the motion stating:

> The Court is of the opinion that these matters can be addressed after the defendant's release from prison on the six-year sentence imposed in this case. He is not entitled to a speedy trial on these matters which are post-conviction. His ability to pay restitution can better be determined when he has found employment after release, and government funds would be wasted in transporting the defendant to and from prison when the issues can be addressed efficiently later.

From that denial, Irick filed a *pro se* "petition for writ of mandamus," requesting that the Court of Criminal Appeals order the trial court to conduct the sentencing hearing immediately. The Court of Criminal Appeals denied the motion by Order [1] stating:

> This Court's jurisdiction ... is limited to appellate matters only, pursuant to Tenn. Code Ann. § 16–5–108. Accordingly, this court may entertain a request for a writ of mandamus only if it is necessary to aid the exercise of its appellate function. *See State v. Doe,* 813 S.W.2d 150, 152 (Tenn. Crim.App.1991). Such a circumstance is not present in this case.

Thereafter, Irick filed a *pro se* application for permission to appeal to this Court which was granted. Counsel was appointed to represent Irick in this Court. For the reasons articulated below, we now affirm the Court of Criminal Appeals' judgment.

### WRIT OF MANDAMUS

■ The jurisdiction of the Court of Criminal Appeals is appellate only. Tenn.

Code Ann. § 16–5–108(a) (1994). It is well-settled, however, that the appellate courts of this state have limited mandamus jurisdiction in circumstances under which the writ is necessary to aid the exercise of the appellate function. *State v. Sneed,* 105 Tenn. 711, 58 S.W. 1070 (1900); *State v. Baby John Doe,* 813 S.W.2d 150 (Tenn.Crim.App.1991); *Blanton v. Tennessee Central Ry. Co.,* 4 Tenn. App. 335 (1926); *Hyde v. Dunlap,* 3 Tenn. App. 368 (1926). In *Sneed,* this Court explained the rule as follows:

> The granting of a writ of mandamus is the exercise of an original, and not an appellate, jurisdiction, the writ itself being an original process. Hence it follows that in those States where the courts of last resort are devoid of original jurisdiction and vested with only appellate powers, such court can not exercise jurisdiction by mandamus. *An exception, however, is recognized when the issuing of the writ is necessary in aid of the appellate powers of such courts, and in such cases it is not regarded as an original proceeding, but as one instituted in aid of the appellate jurisdiction possessed by the court.*

*Id.,* 105 Tenn. at 722, 58 S.W. at 1073 (emphasis added). This mandamus jurisdiction is merely ancillary to a court's appellate power and is possessed, not by virtue of any statute, but under the common law, as inherent and necessary to the exercise of its function as a court of appellate jurisdiction. *State ex rel. Kain v. Hall,* 65 Tenn. 3, 7 (1873). "Mandamus is a summary remedy, extraordinary in its nature, and is to be applied only when a right has been clearly established, so that there remains only a positive ministerial duty to be performed, and it will not lie when the necessity or propriety of acting is a matter of discretion." *Peerless Const. Co. v. Bass,* 158 Tenn. 518, 522, 14 S.W.2d 732 (1929).[2]

■ Irick argues that his request for issuance of a writ of mandamus in this case is necessary to aid the exercise of the appellate function of the Court of Criminal Appeals because the trial court has refused to hold a

---

1. The motion was denied by a single judge of the intermediate appellate court, the Honorable Penny J. White, in accordance with Rule 22(c), Tenn. R.App.P.

2. Though not pursued in this case, more fully available avenues of relief include an interlocutory appeal pursuant to Rule 9, Tenn.R.App.P., or an extraordinary appeal pursuant to Rule 10, Tenn.R.App.P.

sentencing hearing on the issues of probation and restitution as ordered by that Court. The State agrees that the Court of Criminal Appeals has authority to issue the writ of mandamus when necessary to aid the exercise of its appellate function. However, the State argues that this case presents no circumstance requiring issuance of the writ of mandamus. We agree.

Here, the trial court has not refused to hold a new sentencing hearing as ordered by the Court of Criminal Appeals' judgment. Instead, the trial court has scheduled the hearing at the time Irick is released from prison on the six-year sentence at thirty percent as a Range I offender which was affirmed by the Court of Criminal Appeals.

Tennessee Rule of Appellate Procedure 43 governs the filing of an appellate court's mandate in the trial court and proceedings conducted thereafter. Subsection c of Rule 43 provides:

> (c) When the appellate court remands the case for a new trial or hearing and the mandate is filed in the trial court, the case shall be reinstated therein and the subsequent proceedings conducted *after at least 10 days notice to the parties.*

Tenn.R.App.P. 43(c) (emphasis added). Although the trial court must provide at least ten days notice to the parties before conducting a hearing on a remand, the rule specifies no time-frame within which the proceedings must be conducted.

■ Generally, however, a trial court should interpret an order remanding a case as implicitly requiring a prompt hearing in accordance with the remand. Moreover, "[i]t is a controlling principle that inferior courts must abide the orders, decrees and precedents of higher courts. The slightest deviation from this rigid rule would disrupt and destroy the sanctity of the judicial process. There would be no finality or stability in the law and the court system would be chaotic in its operation and unstable and inconsistent in its decisions." *Barger v. Brock,* 535 S.W.2d 337, 341 (Tenn.1976). Accordingly, a trial court has no authority to refuse to conduct, or to unreasonably delay, a hearing or other proceedings ordered by an appellate court upon remand. *Id.*

■ Within those general parameters, however, the trial court has discretion to schedule a hearing ordered by an appellate court upon remand under Rule 43(c), Tenn. R.App.P. When a trial judge fails to hold a prompt hearing in accordance with an order of remand, an appellate court should apply strict scrutiny, and if valid reasons exist for the delay, an appellate court should not use the extraordinary remedy of writ of mandamus. Accordingly, where there exists valid reasons for a trial judge to schedule the proceedings at a later time, an appellate court should not use the extraordinary remedy of a writ of mandamus to force immediate action.

Applying those rules to the facts of this case, we affirm the Court of Criminal Appeals' judgment. Here, the trial judge neither refused to conduct the sentencing hearing in conformity with the order of remand, nor unreasonably delayed the proceedings. The trial court, in accordance with its discretion, scheduled the proceedings after Irick's release from prison, which was not an unreasonable delay under the facts of this case.[3] That decision was based on the trial court's determination that Irick's ability to pay restitution could be more readily and accurately ascertained at that time.

## *CONCLUSION*

The Court of Criminal Appeals correctly held that issuance of a writ of mandamus under the circumstances of this case is not necessary to aid the exercise of its appellate function. Accordingly, the Court of Criminal Appeals' judgment is affirmed. Costs of this appeal are taxed to the appellant, Larry Irick.

DROWOTA and REID, JJ., and CANTRELL and LEWIS, Special Justices, concur.

---

**3.** According to statements made by defense counsel in this appeal, the defendant's release is scheduled for August of 1995.