IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT JACKSON
Assigned on Briefs September 1, 2009

**STATE OF TENNESSEE v. RONNIE HENRY**

**Appeal from the Criminal Court for Shelby County**
**No. 03-08309     John T. Fowlkes, Jr., Judge**

─────────────

**No. W2009-00089-CCA-R3-CD  - Filed September 28, 2009**

─────────────

The defendant, Ronnie Henry, was convicted by a Shelby County jury of four counts of aggravated robbery, a Class B felony, and four counts of robbery, a Class C felony. The counts involving the same victims were merged, resulting in two convictions for aggravated robbery and two convictions for robbery, and the defendant was sentenced by the trial court to an effective sentence of seventy years in the Department of Correction. In his original direct appeal, the defendant challenged the sufficiency of the evidence and alleged that the trial court erred in limiting the testimony of a witness and in its sentencing determinations. See State v. Ronnie Henry, No. W2006-00344-CCA-R3-CD, 2008 WL 450459 (Tenn. Crim. App. Feb. 19, 2008), perm. to appeal denied (Tenn. Sept. 29, 2008). We affirmed the convictions but remanded for resentencing "in compliance with Gomez II [State v. Gomez, 239 S.W.3d 733 (Tenn. 2007)] and our standard principles of sentencing." Id. at *5. On remand, the trial court again sentenced the defendant to an effective sentence of seventy years in the Department of Correction. In this appeal, the *pro se* defendant raises issues relating to the State's alleged untimely filing of its notice of enhanced punishment; the trial court's ruling on the State's motion in limine with respect to the testimony of a defense witness; and the trial court's imposition of consecutive sentencing. The State responds by arguing that the first two issues are waived and that the record supports the trial court's imposition of consecutive sentencing. We agree with the State and, accordingly, affirm the judgments of the trial court.

**Tenn. R. App. P. 3 Appeal as of Right; Judgments of the Criminal Court Affirmed**

ALAN E. GLENN, J., delivered the opinion of the court, in which DAVID H. WELLES and CAMILLE R. MCMULLEN, JJ., joined.

Ronnie Henry, Whiteville, Tennessee, Pro Se.

Robert E. Cooper, Jr., Attorney General and Reporter; Sophia S. Lee, Assistant Attorney General; William L. Gibbons, District Attorney General; and Paul Hagerman, Assistant District Attorney General, for the appellee, State of Tennessee.

**OPINION**

# FACTS

The defendant's convictions stemmed from his participation in an armed robbery of four separate victims at an Enterprise Rental Car Agency in Memphis on July 16, 2002. Id. at **1-2. In the original direct appeal, the defendant argued that the evidence was insufficient to sustain his convictions; the trial court erred in limiting his cross-examination of witness Brian Denton about Denton's suppressed identification of the masked codefendant; and the trial court erred by misapplying enhancement factors and ordering consecutive sentencing. Id. We rejected the first two claims, noting that Denton's testimony served only to corroborate that a robbery occurred and that even if it were excluded in its entirety, the evidence against the defendant, which included identifications by two eyewitnesses and the testimony of an accomplice, was overwhelming. Id. at *4. We concluded, however, that the trial court erred by applying enhancement factors that had not been determined by a jury and, therefore, remanded for resentencing. Id. at *5.

At the resentencing hearing, held on November 14 and December 4, 2008, the parties stipulated that the defendant was a Range II offender for the Class B felonies of aggravated robbery and a Range III offender for the Class C felonies of robbery. Defense counsel also informed the court that the defendant wished to be sentenced under the pre-2005 sentencing act. The prosecutor introduced two exhibits: a judgment in a federal case, which reflected the defendant's 2005 conviction for felon in possession of a firearm, and the presentence report, which reflected the defendant's lengthy Tennessee criminal record. The latter included, among other things, the defendant's multiple felony and misdemeanor convictions for theft and a conviction for second degree murder. When offered the chance to address the court, the defendant stated that he did not deserve the seventy-year sentence suggested by the prosecutor because he was not guilty of the crimes.

At the conclusion of the hearing, the trial court found two enhancement factors applicable: the defendant's prior history of criminal convictions and criminal behavior in addition to those necessary to establish his range, and his unwillingness to comply with a sentence involving release into the community. See Tenn. Code Ann. § 40-35-114(2), (9) (2003). The defendant proposed no mitigating factors, and the trial court found none applicable. Applying great weight to the defendant's history of prior criminal convictions, the trial court sentenced him to twenty years for the aggravated robbery convictions and fifteen years for the robbery convictions, the maximum sentences for those offenses. Finding the defendant to be a professional criminal who had knowingly devoted his life to criminal acts as a major source of livelihood, an offender whose record of criminal activity was extensive, and a dangerous offender whose behavior evidenced little or no regard for human life and no hesitation about committing a crime in which the risk to human life was high, the trial court ordered that all four sentences be served consecutively, for an effective seventy-year sentence.

# ANALYSIS

As an initial matter, we agree with the State that the defendant has waived his first two issues, which relate to the State's notice of enhanced punishment and the trial court's ruling on a motion in limine, for failing to raise them in his first direct appeal. As the State points out, the courts to which cases are remanded must adhere to the scope of the remand orders:

> "It is a controlling principle that inferior courts must abide the orders, decrees and precedents of higher courts. The slightest deviation from this rigid rule would disrupt and destroy the sanctity of the judicial process. There would be no finality or stability in the law and the court system would be chaotic in its operation and unstable and inconsistent in its decisions."

State v. Irick, 906 S.W.2d 440, 443 (Tenn. 1995) (quoting Barger v. Brock, 535 S.W.2d 337, 341 (Tenn. 1976)). We made it clear in our opinion on the first direct appeal that we were remanding the case strictly on the issue of sentencing:

> We are now aware, since the issuance of State v. Gomez II, [239] S.W.3d [733] (Tenn. 2007), that it is plain error to apply judicially determined enhancement factors other than factor (1), that of previous history of criminal convictions or criminal behavior, to enhance a defendant's sentence. This defendant had an extensive record of past convictions which he does not contest. The trial court's ruling in sentencing is silent as to the weight attached to the various enhancement factors applied. This impedes appellate review and makes it necessary to remand for resentencing in compliance with Gomez II and our standard principles of sentencing.
>
> The defendant has also challenged the imposition of consecutive sentences. On resentencing, the trial court is not barred by Sixth Amendment principles in considering consecutive sentences.
>
> . . . .
>
> Therefore, if considering consecutive sentences, the trial court should adhere to the criteria contained in Tennessee Code Annotated section 40-35-115 and, if applicable, the findings required by State v. Wilkerson, 905 S.W.2d 933, 938 (Tenn. 1995).
>
> . . . .
>
> The convictions are affirmed. The cause is remanded for resentencing in light of the guidelines contained herein.

Id. at *5.

In his reply brief, the defendant contends that his first two issues should not be considered waived because it was his counsel who failed to raise them in the original direct appeal and to attribute counsel's failures to him "would result in a fundamental miscarriage of justice." For the

purposes of waiver in this case, however, the defendant is bound by his counsel's actions on his behalf during the first direct appeal. Cf. House v. State, 911 S.W.2d 705, 714 (Tenn. 1995) (holding that, in post-conviction context, waiver is to be determined by an objective standard under which a petitioner is bound by the actions or inactions of his counsel), cert. denied, 517 U.S. 1193, 116 S. Ct. 1685 (1996). Accordingly, because the defendant could have raised these issues in his first direct appeal but did not, we conclude that they have been waived.

The defendant also challenges the trial court's sentencing determinations, arguing, *inter alia*, that the trial court made insufficient findings in support of its application of enhancement factors and imposition of consecutive sentencing. The State acknowledges that the trial court erred by applying as an enhancement factor the defendant's previous unwillingness to comply with the conditions of a sentence involving release into the community, but argues that the enhancement factor of the defendant's previous criminal convictions was entitled to great weight and justified the enhanced sentences imposed. The State further argues that the record supports the trial court's classification of the defendant as a professional criminal, as an offender with an extensive record of criminal activity, and as a dangerous offender.

After reviewing the defendant's lengthy criminal record in detail, the trial court summarized his history as follows:

> So it's a very extensive criminal history dating well back into the 80's, all through the 90's, and well into the 2000's that the defendant has committed. And so I have to find that there certainly are numerous convictions that the defendant has.

> It just seems as . . . though every time he was released into the community more convictions happened, more criminal activity happened, and they were all types of crimes, property crimes, firearm offenses and, of course, violent felonies.

We agree with the State that the application of enhancement factor (9) was error because the defendant's previous unwillingness to comply with the conditions of a sentence involving release into the community was not determined by a jury or admitted by the defendant, see State v. Davis, 266 S.W.3d 896, 909 (Tenn. 2008), cert. denied, __ U.S. __, 129 S. Ct. 2790 (2009), but that the defendant's extensive criminal history was, alone, sufficient to justify the enhanced sentences. We further agree that the record in this case supports the imposition of consecutive sentencing. Tennessee Code Annotated section 40-35-115(b) provides that a trial court may, in its discretion, order sentences to run consecutively if it finds any one of the following criteria by a preponderance of the evidence:

> (1) The defendant is a professional criminal who has knowingly devoted such defendant's life to criminal acts as a major source of livelihood;

> (2) The defendant is an offender whose record of criminal activity is extensive;

(3) The defendant is a dangerous mentally abnormal person so declared by a competent psychiatrist who concludes as a result of an investigation prior to sentencing that the defendant's criminal conduct has been characterized by a pattern of repetitive or compulsive behavior with heedless indifference to consequences;

(4) The defendant is a dangerous offender whose behavior indicates little or no regard for human life, and no hesitation about committing a crime in which the risk to human life is high;

(5) The defendant is convicted of two (2) or more statutory offenses involving sexual abuse of a minor with consideration of the aggravating circumstances arising from the relationship between the defendant and victim or victims, the time span of defendant's undetected sexual activity, the nature and scope of the sexual acts and the extent of the residual, physical and mental damage to the victim or victims;

(6) The defendant is sentenced for an offense committed while on probation; or

(7) The defendant is sentenced for criminal contempt.

Tenn. Code Ann. § 40-35-115(b) (2003). These criteria are stated in the alternative; therefore, only one need exist to support the appropriateness of consecutive sentencing.

The trial court made the following findings when ordering that the sentences be served consecutively:

And turning to consecutive sentencing it just appears as though the defendant, again from the record that's before me, hasn't been able to obtain any type of job over the years, no education.

Early on at least there were attempts when he was in custody to obtain some type of education then which would ultimately lead to some type of legitimate job. I think the record indicates that he failed when he tried to get the GED, but while he was in custody completed the VOTEC training course, I believe, that was in 2001.

But then upon being released again in 2002 the criminal activity continued and resulted in the offenses that we have that are before me today as well as several other misdemeanor and felony cases. And so the defendant's criminal history is definitely extensive.

When you talk about dangerous offender and protecting society from certain individuals because of their criminal history it does seem as though [the defendant] comes to mind. And so based on the entire record that I found here I am going to order all the sentences to be served consecutively.

-5-

I think that the length, resulting length of the sentence in [the defendant's] case reasonably relates to the severity of the offenses involved and is absolutely necessary to protect the public from further criminal conduct. So for those reason[s] I am going to have to give him twenty years on the Range 2 offenses and fifteen years on each of the Range 3 offenses, and serve them consecutively.

The record supports the imposition of consecutive sentencing under any one of the three criteria found by the trial court. There is no question that the defendant has an extensive criminal history, including multiple convictions for theft. In addition, the presentence report reflects that the forty-one-year-old defendant's only reported job experience consisted of working as a self-employed auto mechanic from January 2002 to February 2004, intermittently as a landscaper and commercial cleaner from 2002 to 2003, and for a construction company during an unspecified period of time in the past. He was unable to provide the phone numbers for these businesses, however, and none of the employment could be verified. Thus, the record supports the finding that he is a professional criminal who has knowingly devoted himself to criminal acts as a major source of livelihood. Finally, in our view, the defendant's actions in participating in the armed robbery of multiple victims in a car rental agency are sufficient to support his classification as a dangerous offender whose behavior indicates little or no regard for human life and no hesitation about committing a crime in which the risk to human life is high, as well as the required additional findings that the aggregate length of his sentence reasonably relates to the severity of his offenses and is necessary to protect the public from his further criminal conduct. See State v. Lane, 3 S.W.3d 456, 460-61 (Tenn. 1999); Wilkerson, 905 S.W.2d at 937-38. Accordingly, we affirm the effective seventy-year sentence imposed by the trial court.

## CONCLUSION

We conclude that the defendant has waived his first two issues by failing to raise them in his first direct appeal. We further conclude that the trial court did not err in its sentencing determinations. Accordingly, we affirm the judgments of the trial court.

_____
ALAN E. GLENN, JUDGE