IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT JACKSON
Assigned on Briefs March 5, 2014

## RICHARD HERRERA v. STATE OF TENNESSEE

**Appeal from the Circuit Court for Obion County**
**No. CC-12-CR-106      William B. Acree, Jr., Judge**

_____

**No. W2013-02064-CCA-R3-PC  - Filed April 9, 2014**

_____

The petitioner, Richard Herrera, appeals from the second summary dismissal of his petition for post-conviction relief, alleging that the post-conviction court erred by summarily dismissing the petition after this court remanded the case for an evidentiary hearing. Because the post-conviction court erred by summarily dismissing the petition, we reverse the judgment of the post-conviction court and remand the case to the post-conviction court for the appointment of counsel and an evidentiary hearing on the petitioner's claim of ineffective assistance of counsel.

**Tenn. R. App. P. 3; Judgment of the Circuit Court Reversed and Remanded**

JAMES CURWOOD WITT, JR., J., delivered the opinion of the Court, in which THOMAS T. WOODALL and ROBERT W. WEDEMEYER, JJ., joined.

Richard Herrera, Tiptonville, Tennessee, pro se.

Robert E. Cooper, Jr., Attorney General and Reporter; and Clarence E. Lutz, Assistant Attorney General, for the appellee, State of Tennessee.

**OPINION**

In 2010, an Obion County Circuit Court jury convicted the petitioner of sexual battery, attempted sexual battery, unlawful photographing, and attempted unlawful photographing, and the trial court imposed an effective sentence of one year to be served in confinement. *See Richard Herrera v. State*, No. W2012-02229-CCA-R3-PC, slip op. at 1 (Tenn. Crim. App., Jackson, Aug. 9, 2013) (*Herrera II*). The petitioner appealed, and this court reversed his convictions of unlawful photographing and attempted unlawful photographing but affirmed the remaining convictions and the effective one-year sentence.

*See id.* (citing *State v. Richard Alexander Herrera*, No. W2010-00937-CCA-R3-CD (Tenn. Crim. App., Jackson, Sept. 23, 2011) (*Herrera I*)). The petitioner then filed a petition for post-conviction relief, which was dismissed on grounds that the petitioner's one-year sentence had expired. This court reversed the summary dismissal and remanded "the case for an evidentiary hearing." *Herrera II*, slip op. at 1. Upon remand, the post-conviction court summarily dismissed the petition a second time, ruling that the petitioner had failed to state a colorable claim for post-conviction relief. It is from this second summary dismissal that the petitioner now appeals.

In this appeal, the petitioner contends that the post-conviction court erred by summarily dismissing the petition on remand because this court had ordered an evidentiary hearing. The petitioner also claims that the post-conviction court erred by concluding that he had failed to state a colorable claim for post-conviction relief. The State contends that summary dismissal was appropriate because the petitioner failed to specifically allege "that, but for counsel's failure to investigate, the jury would have been persuaded that the defendant was incapable of committing the crimes of which he was convicted."

In *Herrera II*, we stated both that the case was remanded for an evidentiary hearing and that the case was remanded for proceedings consistent with our opinion. *Herrera II*, slip op. at 1, 2. The judgment states that the case was remanded for proceedings consistent with our opinion. Although we concede that the language of our opinion in *Herrera II* could have been more precise, we do not believe that the language in the opinion allowed for the post-conviction court to summarily dismiss the petition a second time upon remand. We noted particularly the State's concessions that the petitioner was in custody, that the petition was timely, and that the petitioner had claimed a deprivation of the effective assistance of counsel, an historically colorable claim for post-conviction relief. *See id.*, slip op. at 2.

"Under the doctrine of the law of the case, when an initial appeal results in a remand to the trial court, the decision of the appellate court establishes the law of the case, which must be followed upon remand." *State v. Carter*, 114 S.W.3d 895, 902 (Tenn. 2003) (citing *State v. Jefferson*, 31 S.W.3d 558, 560-61 (Tenn. 2000)). Thus, the post-conviction court was obliged to abide by the remand order:

> Moreover, "it is a controlling principle that inferior courts must abide the orders, decrees and precedents of higher courts. The slightest deviation from this rigid rule would disrupt and destroy the sanctity of the judicial process. There would be no finality or stability in the law and the court system would be chaotic in its operation and unstable and inconsistent in its decisions."

*State v. Irick*, 906 S.W.2d 440, 443 (Tenn. 1995) (quoting *Barger v. Brock*, 535 S.W.2d 337, 341 (Tenn. 1976)). A trial court may deviate from the confines of a remand order only when

> (1) the evidence offered at a trial or hearing after remand was substantially different from the evidence in the initial proceeding; (2) the prior ruling was clearly erroneous and would result in a manifest injustice if allowed to stand; or (3) the prior decision is contrary to a change in the controlling law which has occurred between the first and second appeal.

*Memphis Publ'g Co. v. Tennessee Petrol. Underground Storage Tank Bd.*, 975 S.W.2d 303, 306 (Tenn. 1998). None of these exceptions apply here. In consequence, the post-conviction court was bound by the remand order to conduct an evidentiary hearing.

Moreover, even if we concluded that the language of our remand order would have permitted a second summary dismissal, the post-conviction court should have conducted an evidentiary hearing on the claim of ineffective assistance of counsel, a traditionally colorable claim for relief. As the State concedes, the petitioner claimed, with factual specificity, that he was deprived of the effective assistance of counsel at trial. He named several ways in which he believed that counsel had been ineffective, placing particular emphasis on counsel's failure to adequately litigate the issue of the petitioner's mental illness and its impact upon the petitioner's ability to form the requisite mental state for his conviction offenses. The Post-Conviction Procedure Act requires that a petition for relief under the Act "contain a clear and specific statement of all grounds upon which relief is sought, including full disclosure of the factual basis of those grounds." T.C.A. § 40-30-106(d). The pro se petitioner's claim that he was deprived of the effective assistance of counsel by specifically alleged actions of his counsel satisfies this requirement. The petitioner was not required, as the State suggests, to couch his claims in the precise language utilized by those learned in the law to differentiate deficient performance from prejudice occasioned by deficient performance. Moreover, although the issue of the petitioner's mental health may have been litigated at trial and, to some extent, on appeal, the issue whether trial counsel was ineffective in the presentation of that issue was not.

Accordingly, the judgment of the post-conviction court is reversed, and the case is remanded to that court for the appointment of counsel and an evidentiary hearing.[1]

---

[1]The petitioner also contends that the post-conviction court erred by summarily dismissing his petition without addressing his claim that that portion of his sentence barring him from entering any Walmart

(continued...)

_____
JAMES CURWOOD WITT, JR., JUDGE

---

[1](...continued)
for the remainder of his life rendered the judgment void.  Because the post-conviction court did not address this claim in its summary dismissal order, we do not address it in this appeal.

-4-