IN THE COURT OF APPEALS OF TENNESSEE
AT JACKSON
February 14, 2017 Session

**JOYCE STOCKTON, ET AL. v. FORD MOTOR COMPANY**

**Appeal from the Circuit Court for Madison County**
**No. C-13-6    Roy B. Morgan, Jr., Judge**

———————————————————

**No. W2016-01175-COA-R3-CV**

———————————————————

J. STEVEN STAFFORD, P.J.,W.S., concurring and dissenting.

Although I agree with the majority Opinion's discussion of the improper jury instructions given by the trial court in this case, I cannot agree with the majority's analysis with regard to the duty owed by Ford. Because Ford's duty is a threshold issue that must be determined prior to any consideration of the jury instructions given by the trial court, I therefore file this partial dissent.

In this case, the central dispute involves whether Ford owed a duty to Mrs. Stockton pursuant to the Tennessee Supreme Court's decision in *Satterfield v. Breeding Insulation Co.*, 266 S.W.3d 347 (Tenn. 2008). If Ford did not owe a duty to Mrs. Stockton, her negligence claim fails. *See Giggers v. Memphis Hous. Auth.*, 277 S.W.3d 359, 364 (Tenn. 2009) (citing *McCall v. Wilder*, 913 S.W.2d 150, 153 (Tenn. 1995)) ("In order to establish a prima facie claim of negligence, . . . a plaintiff must establish . . . a duty of care owed by defendant to plaintiff[.]"). Accordingly, the question of Ford's duty is a threshold issue that must be determined prior to any consideration of the alleged errors that occurred at trial. *See Bailey v. Grooms*, No. E2008-01520-COA-R3-CV, 2009 WL 3460654, at *3 (Tenn. Ct. App. Oct. 28, 2009), *perm. app. denied* (Tenn. Apr. 20, 2010) (citing *Hale v. Ostrow*, 166 S.W.3d 713, 715 (Tenn. 2005)) ("The threshold element is duty of care because without a legal duty, there can be no conduct that breaches the duty.").

In *Satterfield*, the defendant employer engaged in a business where its employees were exposed to high levels of asbestos. Although the defendant employer knew of the dangers of asbestos exposure even to those not in direct contact with the substance, the defendant employer made no effort to warn its employees of the danger to their family members. *Id.* at 352–53. The daughter of an employee later died from asbestos-related mesothelioma and her estate sued the defendant employer for wrongful death. *Id.* at 353. The defendant employer argued, however, that it owed no duty to protect the family

member of an employee from exposure to asbestos. *Id.* at 354. The trial court agreed and dismissed the case. *Id.* The Court of Appeals reversed and the Tennessee Supreme Court granted permission to appeal solely as to the trial court's decision that the defendant employer owed no duty to an employee's daughter. *Id.* at 354–55.

The *Satterfield* court concluded that the defendant employer did owe a duty to the daughter. In reaching this decision, the court first noted Tennessee's well-settled law that duty is an essential element of any negligence claim and "a question of law to be determined by courts." *Id.* at 355. The court explained that while the question of whether a duty exists will "generally . . . [be] a given rather than a matter of reasoned debate, discussion, or contention," there are situations "[w]hen the existence of a particular duty is not a given or when the rules of the established precedents are not readily applicable." *Id.* at 365. Having determined that the issue of duty was one appropriately resolved by the court, rather than the fact-finder, the court adopted explicit guidelines for determining the existence of a duty to the plaintiff in negligence cases. First, the court directed that the plaintiff must show "that the risk was foreseeable." If the risk was not foreseeable, there is no duty. *Id.* at 366. If the risk is foreseeable, however, courts must then undertake a "balancing analysis" to determine whether a duty exists. In those situations, the *Satterfield* court directed that Tennessee courts consider the following factors:

> (1) the foreseeable probability of the harm or injury occurring; (2) the possible magnitude of the potential harm or injury; (3) the importance or social value of the activity engaged in by the defendant; (4) the usefulness of the conduct to the defendant; (5) the feasibility of alternative conduct that is safer; (6) the relative costs and burdens associated with the safer conduct; (7) the relative usefulness of the safer conduct; and (8) the relative safety of alternative conduct.

*Id.* at 367 (citing ***Burroughs v. Magee***, 118 S.W.3d 323, 329 (Tenn. 2003); ***McCall***, 913 S.W.2d at 153).

Despite these explicit instructions, the majority Opinion largely disregards the detailed framework in *Satterfield* in favor of applying the "default position" that "there is a duty," citing both *Satterfield* and The Restatement (Third) of Torts. The majority Opinion therefore holds, without any discussion of the factors outlined in *Satterfield*, that it "cannot conclude that the trial court erred in its ruling denying Ford's motion concerning the duty issue." Respectfully, I believe that the majority's decision is based on a mischaracterization of the holding in *Satterfield*.

As previously discussed, the *Satterfield* court did not rule that the existence of a duty was the "default position." Instead, the court adopted intricate rules for determining this issue—a legal issue that must be resolved by the court, not the fact-finder. Indeed, the *Satterfield* court never uses the term "default" to discuss its adopted rule. *See*

- 2 -

*Satterfield*, 266 S.W.3d at 366–75. Although the court did recognize that duty may often be "a given" in many cases, that certainly is not the case here, where the parties have devoted extensive argument to this issue. In fact, as pointed out by Ford, no Tennessee court has ever extended the duty of care to not only the users of a manufacturer's product, but also to the members of the user's household. *See id.* (involving asbestos exposure as a result of the family member's employment with the defendant). Because the *Satterfield* majority applied its balancing analysis in that case, the same must be necessary here where the connection between the plaintiff and defendant is even more attenuated.

Rather than apply the *Satterfield* framework, the majority Opinion reaches its conclusion based upon The Restatement (Third) of Torts, which defines the duty broadly and only requires the court to decide duty "in exceptional cases" where public policy "warrants denying or limiting liability." Restatement (Third) of Torts: Phys. & Emot. Harm § 7 (2010); *see also* Benjamin C. Zipursky, *Foreseeability in Breach, Duty, and Proximate Cause*, 44 Wake Forest L. Rev. 1247, 1251 (2009) (describing this rule as one of "default"). Although the *Satterfield* majority cites The Restatement (Third) of Torts for another proposition, the *Satterfield* majority neither cites nor adopts the above language creating a default rule with regard to duty. Rather, as discussed above, the *Satterfield* majority created an arguably complicated framework for courts to utilize in determining the issue of duty. *Satterfield*, 266 S.W.3d at 367.

It is exactly this framework that forced Justice Janice Holder to dissent in *Satterfield*. *See Satterfield*, 266 S.W.3d at 375 (Holder, J., dissenting). Indeed, in her dissent, Justice Holder specifically takes issue with the *Satterfield* majority's "problematic" "formulation" that injects foreseeability and public policy considerations into the duty determination. *Id.* at 377. Instead, Justice Holder would apply a rule where "the existence of a duty generally would be presumed as long as the plaintiff has alleged that he or she was harmed by the defendant's conduct." *Id.* In support, Justice Holder cites the provisions of The Restatement (Third) of Torts that the majority of this Court now uses to support its imposition of a default rule. Clearly, Justice Holder's presumption is largely synonymous with the default rule championed by the majority of this Court.[1] Such a rule, however, is simply not reflective of the majority Opinion in *Satterfield*, and therefore, does not reflect current Tennessee law.

While my learned colleagues and I may question the wisdom of the rule set forth in *Satterfield*, it is simply not our place to disregard binding precedent set forth by our supreme court. "The Court of Appeals has no authority to overrule or modify Supreme Court's opinions." *Bloodworth v. Stuart*, 221 Tenn. 567, 572, 428 S.W.2d 786, 789 (Tenn. 1968) (citing *City of Memphis v. Overton*, 54 Tenn. App.[] 419, 392 S.W.2d 86 (Tenn. 1964)); *Barger v. Brock*, 535 S.W.2d 337, 341 (Tenn. 1976). As such, "[o]nce the

---

[1] Perhaps this is why the majority in this case chooses to discuss Justice Holder's dissent in more depth than the *Satterfield* majority.

- 3 -

Tennessee Supreme Court has addressed an issue, its decision regarding that issue is binding on the lower courts." ***Morris v. Grusin***, No. W2009-00033-COA-R3-CV, 2009 WL 4931324, at *4 (Tenn. Ct. App. Dec. 22, 2009) (quoting ***Davis v. Davis***, No. M2003-02312-COA-R3-CV, 2004 WL 2296507, at *6 (Tenn. Ct. App. Oct. 12, 2004)); *see also* ***Thompson v. State***, 958 S.W.2d 156, 173 (Tenn. Crim. App. 1997) [moved](quoting ***State v. Irick***, 906 S.W.2d 440, 443 (Tenn. 1995)) ("[I]t is a controlling principle that inferior courts must abide the orders, decrees and precedents of higher courts. The slightest deviation from this rigid rule would disrupt and destroy the sanctity of the judicial process."); ***Levitan v. Banniza***, 34 Tenn. App. 176, 185, 236 S.W.2d 90, 95 (Tenn. Ct. App. 1950) ("This court is bound by the decisions of the Supreme Court."). Respectfully, in failing to apply the framework adopted by the majority in ***Satterfield*** in favor of a "default position" more closely akin to the dissenting Opinion in ***Satterfield***, the majority Opinion misstates current Tennessee law.

Moreover, I cannot agree that the procedural posture of this case has any effect on this analysis. In ***Satterfield***, the trial court dismissed the plaintiff estate's claim based upon a motion for judgment on the pleadings. ***Satterfield***, 266 S.W.3d at 351. The Tennessee Supreme Court noted, however, that its ruling "does not foreclose the possibility that [the plaintiff estate] will not be able to present sufficient evidence to support her claim," and indicating that the proof may be tested through either a motion for summary judgment or a motion for a directed verdict after the presentation of proof. ***Id.*** at 375. In contrast, in this case, the trial court determined that a duty existed and allowed this case to proceed to a trial on the merits. As such, unlike the court in ***Satterfield***, we now have the benefit of all of the evidence presented by Appellees to support their assertion that Ford owed a duty to Mrs. Stockton. Accordingly, we are in an even better position than the court in ***Satterfield*** to determine whether Appellees presented sufficient evidence of a duty in this case.

The purpose of this partial dissent is not to suggest that the trial court derogated its own duty to answer the question of whether Ford owed a duty under the circumstances presented. Indeed, as both the majority Opinion and Judge Swiney's concurrence point out, I agree that the trial court concluded that Appellees presented sufficient evidence of a duty to deny both a pre-trial motion and a motion for judgment in accordance with a directed verdict on this issue.[2] Rather, I filed this partial dissent only to question the majority's failure to likewise analyze the duty question, a question which remains at all times an issue of law that is reviewed de novo by this Court. ***Id.*** at 355. The majority Opinion, however, appears to suggest that the issue of duty has been converted to a question to be determined by the jury simply because the matter was allowed to be heard by a jury. I simply cannot agree that the procedural posture of a case may operate to transform a legal issue into a factual one. *See generally* ***Marla H. v. Knox Cty.***, 361 S.W.3d 518, 530–37 (Tenn. Ct. App. 2011) (undertaking a detailed analysis of whether

---

[2] I express no opinion, however, as to whether the trial court reached the correct decision.

- 4 -

the defendant owed a duty under the ***Satterfield*** factors, despite the fact that a trial on the merits had occurred and the defendant was found liable). Duty is therefore a legal issue to be decided by the court regardless of the procedural posture of the case on appeal. *See* ***Satterfield***, 266 S.W.3d at 355; ***Marla H.***, 361 S.W.3d at 530–37. Consequently, I remain of the opinion that this issue must be decided by this Court using the factors outlined in ***Satterfield***, even where the case has been tried on the merits before a jury.

In sum, I disagree that Tennessee law applies a "default rule" with regard to duty. Because duty is a legal issue for the court's consideration, rather than simply affirm the trial court's decision without analysis, I would apply the framework adopted by the ***Satterfield*** majority to determine whether Ford owed a duty in this case.[3] Ford ostensibly concedes that the risk of harm to Mrs. Stockton was foreseeable. Ford disagrees, however, that the factors outlined in ***Satterfield*** establish a duty on its part to Mrs. Stockton. As such, I would address the ***Satterfield*** factors and their application to this case in order to determine whether a duty exists. Only if Ford's duty to Mrs. Stockton is established would I proceed to consider the propriety of the jury instructions. I therefore respectfully dissent in part from the majority Opinion.

_____
J. STEVEN STAFFORD, JUDGE

---

[3] Indeed, the parties have extensively briefed this very issue, apparently assuming that this Court would address it.