# IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
## AT KNOXVILLE
### Assigned on Briefs April 26, 2011

## GARY WAYNE CALHOUN v. DAVID MILLS, WARDEN

**Direct Appeal from the Criminal Court for Morgan County**
**No. 2010-CR-48      E. Eugene Eblen, Judge**

**No. E2010-01022-CCA-R3-HC - Filed February 6, 2012**

The Criminal Court of Morgan County granted habeas corpus relief to the Petitioner, Gary Wayne Calhoun, for convictions in the Criminal Court of Sullivan County for "bringing stolen property into the State valued in excess of $200.00" in case number 21,478 and for "simple robbery" in case number 22,532. The Respondent, David Mills, Warden, has appealed. After a thorough review of the record, we reverse the judgment of the habeas corpus court.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Criminal Court Reversed**

THOMAS T. WOODALL, J., delivered the opinion of the Court, in which JOHN EVERETT WILLIAMS, J., joined. DAVID H. WELLES, SP.J., not participating.

Robert E. Cooper, Jr., Attorney General and Reporter; John H. Bledsoe, Assistant Attorney General; and Russell Johnson, District Attorney General, for the appellant, the State of Tennessee.

Dan R. Smith, Johnson City, Tennessee, for the appellee, Gary Wayne Calhoun.

## OPINION

The case *sub judice* is not Petitioner's first habeas corpus proceeding concerning Sullivan County case numbers 21,478 and 22,532. *See Gary Wayne Calhoun v. Howard W. Carlton, Warden*, No. E2005-00001-CCA-R3-HC, 2006 WL 433680 (Tenn. Crim. App. Feb. 23, 2006) *reh'g denied* (*Calhoun I*). In *Calhoun I*, Petitioner appealed from the trial court's dismissal of his habeas corpus petition challenging the Sullivan County convictions in addition to two convictions in Washington County, and one conviction in Carter County. This Court reversed the trial court's judgment in the Carter County conviction but affirmed

the dismissal of the habeas corpus petition as to the Sullivan County and Washington County convictions. *Id*. at *5.

Pertinent to the issue presented by the State in the instant appeal, this Court in *Calhoun I* set forth the following facts regarding the sentencing structure of the Sullivan County convictions:

> On March 23, 1988, the [petitioner] pled guilty in Sullivan County to one count of bringing stolen property into the state, and the trial court sentenced the [Petitioner] to seven years incarceration. On May 31, 1988, the petitioner pled guilty in Sullivan County to one count of armed [sic] robbery, and the trial court sentenced him to fifteen years, ordering the [petitioner] to serve the seven-year sentence imposed on March 23, 1988, consecutively to the fifteen-year sentence imposed on May 31, 1988.

*Calhoun I* at *1

There are no transcripts of the guilty plea hearings in the record on appeal. There are, however, two judgments concerning Sullivan County case number 21,478 (conviction of bringing stolen property into the State with a sentence of seven years) in the record. Neither judgment is marked as an "amended" judgment. The first "case number 21,478" judgment has on its face at the top information that it was entered of record on June 6, 1988. The second "case number 21,478" judgment has, in the same location, information that it was entered of record on November 29, 1988. We will refer to these two "case number 21,478" judgments as the "June" judgment and the "November" judgment. Most of the information on the two judgments is identical. However, in the June judgment, in the section designated for information regarding consecutive or concurrent sentencing, no other conviction is mentioned and "n/a" is typed in the blank space. In the November judgment, the following is set forth in the section regarding consecutive or concurrent sentencing: "6. This sentence shall be served [ ] [consecutively to] [sic] sentence(s) in the following [cases] [sic] and/or [counts] [sic] 22,532 (15 yrs) (Armed [sic] Robbery) Sullivan Co. Crim. Ct."

Both judgments regarding case number 21,478 show that Petitioner pled guilty to the offense on March 23, 1988, and the sentence imposed was seven years. The June judgment gave Petitioner 100 days of jail credit without specificity of the dates, but the November judgment gave only 49 days of jail credit, with the specific dates listed. Each judgment showed that Petitioner was "sentenced for an especially aggravated offense." The June judgment was silent as to the basis of this classification, but the November judgment explained this designation by stating "(On Probation out of U.S. District Court, Roanoke, VA)."

There is only one judgment in the appellate record regarding case number 22,532. That judgment shows that Petitioner was indicted for the offense of *armed* robbery. The judgment specifically states Petitioner pled guilty to *simple* robbery on May 31, 1988. The judgment was entered of record on November 29, 1988. The imposed sentence of 15 years, for an especially aggravated offense, was ordered to be served *consecutively* to "21,478 (7 years)."

From the record, we conclude that an amended judgment in case number 21,478 was entered on November 29, 1988, the same date that the judgment in case number 22,532 was entered. The judgments on their face reflect properly imposed consecutive sentences. We also note that the appellate record contains an order of the Criminal Court of Sullivan County which pertains to both case number 21,478 and case number 22,532. The order sets forth that Petitioner could serve his sentences in the Johnson County Jail. Pertinent to the case *sub judice* this order, entered July 14, 1989, reflects that the sentences had been ordered to be served consecutively.

As noted above, in *Calhoun I*, this Court reversed the trial court and granted habeas corpus relief to the Petitioner on his *Carter* County conviction. The State filed a lengthy petition to rehear, which was denied. Some of the language of this Court's order denying the State's petition to rehear forms the basis of Petitioner's argument that he is entitled to habeas corpus relief in the case *sub judice*. The order states as follows:

ORDER

The state has petitioned this court for a rehearing. It claims this court erred in concluding that the petitioner's Carter County Criminal Court sentence was illegal and therefore void. The state claims this court erred because (1) the petitioner is under a valid sentence from Sullivan County until 2010 and is not entitled to habeas corpus relief on his Carter County Criminal Court sentence until then, and (2) McClaney v. Bell, 59 S.W.3d 90 (Tenn. 2001) (authorizing a withdrawal of a guilty plea where the bargained for sentence is subsequently declared illegal), is bad law and "should be overruled."

Initially, we note that in the opinion filed in this case, we stated that "based upon Thompson and Arnold, the language in the petitioner's March 23, 1988 judgment of conviction ordering the sentence in that case to be served consecutively to the May 31, 1988 sentence was surplusage" and "without efficacy." (Emphasis added). Therefore, the defendant's Sullivan County sentences expired in 2003, and pursuant to the Carter County

-3-

Criminal Court judgment, he is under valid restraint of freedom until 2009 based upon the six-year probated portion of his ten-year sentence, which we held illegal.

Concerning this court's remedy pursuant to McClaney, the state is asking this court to overrule McClaney, which is beyond this court's authority. In consideration of the foregoing, it is hereby ORDERED that the state's petition to rehear is DENIED.

In the habeas corpus court, and on appeal, Petitioner asserts that his Sullivan County convictions in case numbers 21,478 and 22,532 expired in 2003, and that he has been unlawfully detained by the "Tennessee Probation and Parole Board" in 2008 for a violation of parole in those cases, based upon new convictions from offenses charged in Virginia in December 2006. Petitioner asserts that the State did not seek review from this Court's order on the petition to rehear in *Calhoun I* which stated that Petitioner's sentences in Sullivan County cases number 21,478 and 22,532 had expired in 2003. Thus, Petitioner argues, this court's order is final and is binding on the issue of whether the sentences have expired.

In the habeas corpus court the State filed a motion to dismiss based upon the assertion that Petitioner's sentences had not yet expired.

In granting relief to Petitioner, the habeas corpus court stated in pertinent part:

The Petitioner has demonstrated by way of a judicial proceeding by a preponderance of the evidence that he is being unlawfully restrained of liberty on his sentences imposed by the Criminal Court of Sullivan County in case numbers 21478 and 22532. In light of the opinion of the Court of Criminal Appeals on the petitioner's prior habeas corpus petition, as well as that court's order denying a petition to rehear, the court finds that these two sentences ran concurrently with each other and have now expired.

## ANALYSIS

Petitioner, through counsel, brought the instant proceeding before the habeas corpus court pursuant to Tennessee Code Annotated section 29-21-104 which states as follows:

**29-21-104. Issuance of writ without application.** – Whenever any court or judge, authorized to grant this writ, has evidence, from a judicial proceedings, that any person within the jurisdiction of such court or officer is illegally imprisoned or restrained of liberty, it is the duty of such court or

judge to issue, or cause to be issued, the writ as aforementioned, although no application be made therefor.

Tenn. Code Ann. § 29-21-104.

Petitioner argues that this Court's order on the petition to rehear in *Calhoun I* determined conclusively that the sentences from his Sullivan County convictions in case numbers 21,478 and 22,532 were to be served concurrently and that the sentences expired in 2003. Petitioner argues this despite the fact that in his appellate brief he acknowledges that the judgment in Sullivan County case number 22,532 (15-year sentence for simple robbery) reflects that sentence was to be served consecutively to Sullivan County case number 21,478.

The issues in *Calhoun I*, as to the Sullivan County convictions, were whether the judgment in case number 21,478 was void because it was ordered to be served consecutively to a sentence not yet imposed, and whether the judgments in that case and in case number 22,532 were void because the State failed to file a notice to seek enhanced punishment. *Calhoun I* at *1.

The State did not initially address in its arguments on appeal that Petitioner was not entitled to relief on the Carter County conviction because he had not yet completed service on the Sullivan County convictions, one of the issues brought up in the petition to rehear. Instead, the State argued as to the Sullivan County convictions that the specified language in the judgment of case number 21,478, regarding consecutive sentencing, was surplusage and did not render the judgment void. Furthermore, the State argued that a claim that failure to file a notice of intent to seek enhanced punishment was not a cognizable claim for habeas corpus relief.

This Court agreed with the State's argument and made its ruling accordingly. *Calhoun I* at *3.

The *Calhoun I* Court denied the State's petition to rehear. The language in that order stating that the sentences in the Sullivan County case numbers 21,478 and 22,532 were ordered to be served *concurrently*, was erroneous as shown by the record in this case. We do not fault the habeas corpus trial court in this case for ruling in a manner consistent with what a panel of this Court previously concluded in the order denying a rehearing in *Calhoun I.* In fact, a lower court is generally obligated to follow the holdings of a higher court, even if erroneous. *See State v. Irick*, 906 S.W.2d 440, 443 (Tenn. 1995). However, this Court can recognize but decline to follow rulings that were clearly erroneous based upon the appellate record. *See State v. Jefferson*, 31 S.W.3d 558, 560 (Tenn. 2000) (citing *Memphis Publg. Co.*

*v. Tennessee Petroleum Underground Storage Tank Bd.*, 975 S.W.2d 303 (Tenn. 1998). To the extent that the *Calhoun I* opinion and order denying rehearing suggest that the sentences in cases 21,478 and 22,532 were imposed concurrently, they are clearly erroneous based upon the appellate record in the present case. This court is not bound by *Calhoun I*. The Petitioner is not entitled to habeas corpus relief on his claim that *Calhoun I* conclusively determined that the sentences in cases 21,478 and 22,532 were to be served concurrently. Accordingly, we must reverse the habeas corpus trial court's order granting relief to Petitioner in this case.

## CONCLUSION

The judgment of the habeas corpus trial court, which granted habeas corpus relief to Petitioner in Sullivan County case numbers 21,478 and 22,532 is reversed.

_____
THOMAS T. WOODALL, JUDGE