IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT KNOXVILLE
Assigned on Briefs October 14, 2015

**DANIEL WADE WILSON v. RANDY LEE, WARDEN**

**Appeal from the Criminal Court for Johnson County**
**No. CC-15-CR-21     Stacy L. Street, Judge**

_____

**No. E2015-00791-CCA-R3-HC – Filed November 23, 2015**
_____

Petitioner, Daniel Wade Wilson, appeals the summary dismissal of his petition for a writ of habeas corpus. Petitioner alleges that his conviction for felony murder is void because the trial court violated the law of the case doctrine by merging the conviction for second degree murder into the conviction for felony murder in direct contravention of this Court's directions upon remand of Petitioner's direct appeal. Petitioner also alleges that his conviction for felony murder violates the constitutional protection against double jeopardy because he was already serving a sentence for the second degree murder conviction before he was retried for felony murder. Upon our review of the record, we find that the trial court did not violate the law of the case doctrine and that Petitioner has failed to provide an adequate record for review of his double jeopardy claim. Therefore, we affirm the judgment of the habeas corpus court.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Criminal Court Affirmed**

TIMOTHY L. EASTER, J., delivered the opinion of the Court, in which JAMES CURWOOD WITT, JR., J., joined. ROBERT H. MONTGOMERY, JR., J., not participating.

Daniel Wade Wilson, Mountain City, Tennessee, pro se.

Herbert H. Slatery III, Attorney General and Reporter; and Lacy Wilber, Senior Counsel, for the appellee, State of Tennessee.

**OPINION**

This is Petitioner's appeal from the Johnson County Criminal Court's summary dismissal of his petition for writ of habeas corpus.

*Factual and Procedural Background*

Petitioner was indicted by a Sullivan County Grand Jury for one count of first degree felony murder, one count of first degree premeditated murder, and one count of especially aggravated robbery for the 1999 death of David Vestal. *See State v. Daniel Wade Wilson*, No. E2000-01885-CCA-R3-CD, 2001 WL 872442, at *1 (Tenn. Crim. App. Aug. 2, 2001), *perm. app. denied* (Tenn. Mar. 11, 2002) ("*Wilson I*"). Petitioner was convicted of felony murder, second degree murder, and especially aggravated robbery. The trial court merged his convictions for felony murder and second degree murder and sentenced Petitioner to life imprisonment. The trial court also sentenced Petitioner to twenty-three years for especially aggravated robbery, and ordered the sentences to be served consecutively. *Id.*

On appeal, a panel of this Court reversed Petitioner's convictions for felony murder and especially aggravated robbery because the trial court did not instruct the jury on lesser-included offenses. *Id.* at *13, *15. This Court affirmed Petitioner's conviction for second degree murder and instructed the trial court as follows:

> We reverse the Defendant's felony murder and especially aggravated robbery convictions, and remand the case for a new trial on both counts. The Defendant's conviction for second degree murder, which the trial court originally merged into the felony murder conviction, is hereby reinstated and remanded for sentencing. Following retrial of the felony murder count, the trial court is instructed to merge any resulting conviction of felony murder or of a lesser included offense with the Defendant's second degree murder conviction.

*Id.* at *19. The Tennessee Supreme Court denied Petitioner's application for permission to appeal.

According to Petitioner, the trial court sentenced him to twenty-five years for second degree murder on September 3, 2002.[1] Petitioner was then retried for felony murder and especially aggravated robbery in January 2003. Petitioner was convicted as charged of both counts, and on March 17, 2003, he was sentenced to consecutive sentences of life imprisonment and twenty-three years, respectively. The judgment form for the felony murder count, which is included in the record on appeal, states in the special conditions section that the "[c]onviction for [second] degree murder in Count #1

---

[1] Petitioner did not include the judgment for the second degree murder count with his habeas corpus petition, and it is not in the record on appeal. These facts about the procedural history are gleaned from Petitioner's appellate brief.

will merge with this conviction." This Court affirmed Petitioner's convictions for felony murder and especially aggravated robbery on appeal. *State v. Daniel Wade Wilson*, No. E2003-02070-CCA-R3-CD, 2004 WL 1171710, at \*9 (Tenn. Crim. App. May 26, 2004), *no perm. app. filed* ("*Wilson II*").

Petitioner then filed a petition for post-conviction relief on July 7, 2008, alleging that he received ineffective assistance of counsel and that his confession was coerced. *See Daniel Wade Wilson v. State*, No. E2010-00451-CCA-R3-PC, 2011 WL 3911084, at \*2 (Tenn. Crim. App. Sept. 7, 2011), *perm. app. denied* (Tenn. Jan. 11, 2012) ("*Wilson III*"). Petitioner asserted that the statute of limitations should be tolled because his attorney failed to withdraw from representation and never filed an application to appeal his case to the supreme court. *Id.* This Court held that Petitioner was not entitled to due process tolling of the statute of limitations and dismissed the appeal. *Id.* at \*11.

On March 5, 2015, Petitioner filed pro se the petition for writ of habeas corpus that is the basis of this appeal. Petitioner alleged that the trial court failed to follow the instructions of this Court from his first appeal when it merged the conviction for second degree murder into the conviction for felony murder and that his conviction for felony murder violated the protection against double jeopardy because he was already serving his sentence for second degree murder. On March 26, 2015, the State filed a motion to dismiss the petition. On April 6, 2015, the habeas corpus court entered an order summarily dismissing the petition. Petitioner filed a timely notice of appeal.

*Analysis*

In Tennessee, "[a]ny person imprisoned or restrained of his liberty, under any pretense whatsoever. . . may prosecute a writ of habeas corpus, to inquire into the cause of such imprisonment and restraint." T.C.A. § 29-21-101. While there is no statute of limitations for filing a petition for a writ of habeas corpus, the grounds upon which habeas corpus relief may be granted are narrow. *Hickman v. State*, 153 S.W.3d 16, 20 (Tenn. 2004). Habeas corpus relief is only available when it appears on the face of the judgment or record that the convicting court was without jurisdiction to convict or sentence the defendant, or that the defendant is still imprisoned despite the expiration of his sentence. *Id.*; *Archer v. State*, 851 S.W.2d 157, 164 (Tenn. 1993). In other words, habeas corpus relief may be granted only when the judgment is void, rather than merely voidable. *Summers v. State*, 212 S.W.3d 251, 255 (Tenn. 2007). A void judgment is "one that is facially invalid because the court did not have the statutory authority to render such judgment." *Id.* at 256 (citing *Dykes v. Compton*, 978 S.W.2d 528, 529 (Tenn. 1998)). A voidable judgment is "one that is facially valid and requires proof beyond the face of the record or judgment to establish its invalidity." *Id.*

The petitioner bears the burden of showing, by a preponderance of the evidence, that his judgment is void. *Wyatt v. State*, 24 S.W.3d 319, 322 (Tenn. 2000). However, if the habeas corpus court determines that there is nothing on the face of the judgment to indicate that the convictions contained therein are illegal, it may summarily dismiss the petition without the appointment of counsel and without an evidentiary hearing. *Summers*, 212 S.W.3d at 261. Because the issue of whether habeas corpus relief should be granted is a question of law, we shall conduct a de novo review without any presumption of correctness given to the decision of the lower court. *Id*. at 255.

Petitioner argues that the trial court violated the law of the case doctrine when it merged the conviction for second degree murder into the conviction for felony murder rather than merging the felony murder conviction into the second degree murder conviction. "[U]nder the law of the case doctrine, an appellate court's decision on an issue of law is binding in later trials and appeals of the same case if the facts on the second trial or appeal are substantially the same as the facts in the first trial or appeal." *Memphis Pub. Co. v. Tenn. Petroleum Underground Storage Tank Bd.*, 975 S.W.2d 303, 306 (Tenn. 1998). The doctrine "is not a constitutional mandate nor a limitation on the power of a court," but "a longstanding discretionary rule of judicial practice which is based on the common sense recognition that issues previously litigated and decided by a court of competent jurisdiction ordinarily need not be revisited." *Id*. "[I]t is a controlling principle that inferior courts must abide the orders, decrees and precedents of higher courts." *State v. Irick*, 906 S.W.2d 440, 443 (Tenn. 1995) (quoting *Barger v. Brock*, 535 S.W.2d 337, 341 (Tenn. 1976)).

In Petitioner's first direct appeal, this Court stated, "Following retrial of the felony murder count, the trial court is instructed to merge any resulting conviction of felony murder or of a lesser included offense *with* the Defendant's second degree murder conviction." *Wilson I*, 2001 WL 872442, at *19 (emphasis added). We disagree with Petitioner's reading of this Court's instruction that the conviction for felony murder must be merged *into* the conviction for second degree murder. Under the law of merger, when the defendant is convicted under two alternative theories for the same offense, "the greater charge stands and the guilty verdict on the lesser charge merges into the greater charge." *State v. Banes*, 874 S.W.2d 73, 81 (Tenn. Crim. App. 1993), *overruled on other grounds by State v. Williams*, 977 S.W.2d 101, 105 (Tenn. 1998). Therefore, the trial court did not violate the law of the case doctrine when it merged Petitioner's conviction for second degree murder into his conviction for felony murder.

Petitioner also argues that his conviction for felony murder violates the constitutional protection against double jeopardy because he was already serving a sentence for the second degree murder conviction at the time he was retried for felony murder. The Double Jeopardy Clauses of both the United States and the Tennessee Constitutions guarantee that no person shall be twice put in jeopardy of life or limb for

the same offense. U.S. Const. amend. V; Tenn. Const. art. I, § 10. The Double Jeopardy Clause provides three separate protections: (1) protection against a second prosecution for the same offense after acquittal; (2) protection against a second prosecution for the same offense after conviction; and (3) protection against multiple punishments for the same offense. *State v. Watkins*, 362 S.W.3d 530, 541 (Tenn. 2012) (citing *North Carolina v. Pearce*, 395 U.S. 711, 717 (1969), *abrogated on other grounds by Alabama v. Smith*, 490 U.S. 794 (1989)). To avoid a double jeopardy issue when a defendant is convicted on more than one theory of an offense, the trial court should enter only one judgment of conviction imposing a sentence for the surviving conviction and noting the merger of the additional counts. *See State v. Addison*, 973 S.W.2d 260, 267 (Tenn. Crim. App. 1997); *see also State v. Ashley Bradshaw*, No. W2014-00175-CCA-R3-CD, 2015 WL 523688, at *8 (Tenn. Crim. App. Feb. 9, 2015) (Witt, J., concurring) (explaining the rationale behind the one judgment rule), *perm. app. denied* (Tenn. May 18, 2015). If the trial court enters separate judgment forms and separate sentences on each count that should be merged, the proper remedy is the vacation of the judgment for the merged conviction and the entry of a corrected judgment form for the surviving conviction. *See State v. Jameca M. Tipler*, No. W2014-00288-CCA-R3-CD, 2015 WL 721030, at *10 (Tenn. Crim. App. Feb. 19, 2015), *no perm. app. filed*; *State v. Jose L. Hidalgo*, No. M2011-01314-CCA-R3-CD, 2013 WL 1197726, at *11 (Tenn. Crim. App. Mar. 26, 2013), *no perm. app. filed*; *State v. Aquellis Quintez Tucker*, No. W2007-02361-CCA-R3-CD, 2008 WL 4648365, at *9 (Tenn. Crim. App. Oct. 21, 2008), *no perm. app. filed*.

Petitioner in this case failed to attach a copy of the judgment form for the second degree murder conviction to his petition. According to our supreme court:

> The petitioner bears the burden of providing an adequate record for summary review of the habeas corpus petition. . . . [A]n adequate record for summary review must include pertinent documents to support [the petitioner's] factual assertions. When such documents from the record of the underlying proceedings are not attached to the habeas corpus petition, a trial court may properly choose to dismiss the petition without the appointment of counsel and without a hearing.

*Summers*, 212 S.W.3d at 261. The procedural provisions of the habeas corpus statute are mandatory and must be followed scrupulously. *See Archer*, 851 S.W.2d at 165. From the record before this Court, we have no way of knowing whether the trial court vacated the judgment for second degree murder when it sentenced Petitioner to felony murder or whether there still exists a valid judgment and sentence for second degree murder. Because the record is inadequate for our review, we will not address the merits of Petitioner's double jeopardy claim.

*Conclusion*

Based on the foregoing, we affirm the decision of the habeas corpus court to summarily dismiss the petition without a hearing and without the appointment of counsel.


_____
TIMOTHY L. EASTER, JUDGE