
IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT JACKSON
Assigned on Briefs December 6, 2016

**STATE OF TENNESSEE v. BYRON J. WALKER**

**Appeal from the Criminal Court for Shelby County
Nos. 98-01078, 98-01079, 98-01252     James C. Beasley, Jr., Judge**

_____

**No. W2016-00076-CCA-R3-CD**

_____

The Defendant, Byron J. Walker, entered guilty pleas in 1998 in case numbers 98-01078, 98-01079, and 98-01252 to two counts of possession with the intent to sell cocaine and to one count of possession of marijuana. Pursuant to the negotiated plea agreement, the Defendant received concurrent sentences of three years for each possession with the intent to sell cocaine conviction and sixty days' confinement for the possession of marijuana conviction, for an effective three-year sentence. On January 26, 2015, the Defendant filed a motion pursuant to Tennessee Criminal Procedure Rule 36.1 requesting that the trial court correct illegal sentences. After an evidentiary hearing, the trial court denied relief for failure to state a colorable claim. On appeal, the Defendant contends that (1) the trial court erred by denying relief, (2) the trial court erred in its application of the habeas corpus statute, (3) the trial court's application of *State v. Brown*, 479 S.W.3d 200 (Tenn. 2015), as the basis for denying relief violated procedural due process, and (4) this court should overturn our supreme court's holding in *Brown*. We affirm the judgment of the trial court.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Criminal Court Affirmed**

ROBERT H. MONTGOMERY, JR., delivered the opinion of the court, in which NORMA MCGEE OGLE and ROBERT L. HOLLOWAY, JR., JJ., joined.

Brandi L. Heiden (on appeal) and Shannon Davis (at hearing), Memphis, Tennessee, for the Appellant, Byron J. Walker.

Herbert H. Slatery III, Attorney General and Reporter; Jonathan H. Wardle, Assistant Attorney General; Amy P. Weirich, District Attorney General; and Kenya Smith, Assistant District Attorney General, for the Appellee, State of Tennessee.

# OPINION

On January 29, 1998, the grand jury returned an indictment in case number 98-01079 for possession with the intent to sell cocaine and possession with the intent to deliver cocaine. On February 3, 1998, the grand jury returned an indictment in case number 98-01252 for possession with the intent to sell cocaine and possession with the intent to deliver cocaine. On April 2, 1998, the Defendant entered guilty pleas to possession with the intent to sell cocaine in both cases and to possession of marijuana in case number 98-01078. Pursuant to the plea agreement, the sentences were to be served concurrently.

On January 26, 2015, the Defendant filed a motion to correct an illegal sentence pursuant to Tennessee Rule of Criminal Procedure 36.1. The Defendant argued that concurrent service of his sentences was illegal because Tennessee Rule of Criminal Procedure 32(c)(3)(C) and Tennessee Code Annotated section 40-20-111(b) required consecutive service. He alleged that consecutive service of his sentences in case numbers 98-01079 and 98-01252 was required because he committed one of the offenses while he was released on bail for the other offense. The trial court appointed counsel and held an evidentiary hearing.

At the hearing, defense counsel conceded that the Defendant had served the sentences but argued that *Marcus Deangelo Lee*, No. W2014-00994-CCA-R3-CO, 2015 WL 2330063 (Tenn. Crim. App. May 13, 2015), *perm. app. denied* (Tenn. May 9, 2016), provided a basis for relief pursuant to Rule 36.1. Counsel noted that at the time of the hearing, *Brown* was pending before our supreme court. The trial court agreed to hear the proof and to take the matter under advisement.

The Defendant testified that after his arrest in case number 98-01252, he was released on bond and that while he was released, he was charged in case number 98-01079. The Defendant said that he entered a plea agreement resolving these cases and that the plea agreement allowed him to serve the sentences concurrently. He denied he was told that concurrent sentencing was illegal because the offense in case number 98-01079 was committed while he was released on bond. He said he relied on the concurrent service term in accepting the plea offer. He said, though, that he would not have accepted the plea offer had he known concurrent sentencing was illegal and that he wanted to withdraw his guilty pleas. He agreed that his sentences were fully served by 2000 and that he was serving a sentence in federal prison for an unrelated matter at the time of the hearing.

On cross-examination, the Defendant testified that he was charged in federal court about seven or eight years after he served his sentences in the present cases. He agreed that his federal sentence was enhanced based upon his convictions in the present cases and that he hoped to have his convictions in these cases overturned in an effort to reduce his federal sentence.

The Defendant testified that his attorney told him accepting the plea agreement "was the best thing to do," that he believed he could have "beat" the charges had he gone to trial, and that he signed the plea agreement because counsel told him to sign it. He said he did not sign the plea agreement because it called for concurrent sentences. He said later, though, that concurrent sentences "had something to do with it, too."

The trial court denied relief, relying upon *Brown* and *State v. Wooden*, 478 S.W.3d 585 (Tenn. 2015), after finding that the Defendant's sentences had expired. The court concluded that Tennessee Code Annotated section 29-21-101(b) regarding habeas corpus relief did not allow a defendant to attack an illegal sentence when it was the received as a result of a negotiated plea agreement. This appeal followed.

On appeal, the Defendant contends that the trial court erred by denying relief because he stated a colorable claim for relief, that the trial court erred in its application of the habeas corpus statute, that the trial court's application of *Brown* violated procedural due process, and that this court should overturn our supreme court's holding in *Brown*.

Tennessee Criminal Procedure Rule 36.1 states, in relevant part, that

(a) Either the defendant or the state may, at any time, seek the correction of an illegal sentence by filing a motion to correct an illegal sentence in the trial court in which the judgment of conviction was entered. For purposes of this rule, an illegal sentence is one that is not authorized by the applicable statutes or that directly contravenes an applicable statute.

A defendant is entitled to a hearing and the appointment of counsel if the motion states a colorable claim for relief. Tenn. R. Crim. P. 36.1(b). Further, the trial court is required to file an order denying the motion if it determines that the sentence is not illegal. *Id*. at 36.1(c)(1).

Whether a defendant states a colorable claim is a question of law and is reviewed de novo. *State v. Wooden*, 478 S.W.3d 585, 588 (Tenn. 2015). A colorable claim is defined as "a claim that, if taken as true and viewed in a light most favorable to the moving party, would entitle the moving party to relief under Rule 36.1." *Id*. at 593. A motion filed pursuant to Rule 36.1 "must state with particularity the factual allegations on

which the claim for relief from an illegal sentence is based." *Id*. at 594. A trial court "may consult the record of the proceeding from which the allegedly illegal sentence emanated" when determining whether a motion states a colorable claim for relief. *Id*.

Only fatal errors result in an illegal sentence and "are so profound as to render the sentence illegal and void." *Id*. at 595; *see State v. Cantrell*, 346 S.W.2d 445, 452 (Tenn. 2011). Fatal errors include sentences imposed pursuant to an inapplicable statutory scheme, sentences that designate release eligibility dates when early release is prohibited, sentences that are ordered to be served concurrently when consecutive service is required, and sentences that are not authorized by statute. *Wooden*, 478 S.W.3d at 595. Errors which are merely appealable, however, do not render a sentence illegal and include "those errors for which the Sentencing Act specially provides a right of direct appeal." *Id*.; *see Cantrell*, 346 S.W.2d at 449. Appealable errors are "claims akin to . . . challenge[s] to the sufficiency of the evidence supporting a conviction" and "involve attacks on the correctness of the methodology by which a trial court imposed sentence." *Wooden*, 478 S.W.3d at 595; *see Cantrell*, 346 S.W.2d at 450-52.

Resolution of the Defendant's appeal is controlled by the recent opinion of our supreme court in *State v. Brown*, 479 S.W.3d 200, 209-11 (2015). The *Brown* court said that Rule 36.1 did not extend to the correction of illegal sentences which have expired. *Id*. The record reflects that the Defendant conceded at the evidentiary hearing that his sentences had long since expired and that he had completed the service of his sentences in 2000, approximately fifteen years before he filed his motion for the correction of an illegal sentence. Although the Defendant relies upon the principle that a sentence that is *void ab initio* cannot expire because it never existed, our supreme court's treatment of expired sentences in *Brown* forecloses the Defendant's reasoning. *See Brown*, 479 S.W.3d at 210-11. *Brown* overruled all previous opinions extending Rule 36.1 to expired sentences. Therefore, the trial court properly denied relief on the basis that the Defendant failed to state a colorable claim for relief.

To the extent that the trial court relied upon Tennessee Code Annotated section 29-21-101(b) in denying the Defendant's motion to correct an illegal sentence, we note that this statute applies to defendants seeking a writ of habeas corpus and does not apply to motions to correct illegal sentences pursuant to Rule 36.1. *See* T.C.A. § 29-21-101(b)(1) (2009) ("Persons restrained of their liberty pursuant to a guilty plea and negotiated sentence are not entitled to the benefits of this writ on any claim that . . . [t]he petitioner received concurrent sentencing where there was a statutory requirement for consecutive sentencing."); *see also State v. Sean Blake*, No. W2014-00856-CCA-R3-CO, 2015 WL 112801, at *3 (Tenn. Crim. App. Jan. 8, 2015). Furthermore, habeas corpus relief is not permitted when a sentence has expired. *See Summers v. State*, 212 S.W.3d 251, 257-58 (Tenn. 2007); *Benson v. State*, 153 S.W.3d 27, 32 (Tenn. 2004).

Relative to the Defendant's claim that application of *Brown* violated procedural due process, he argues the following:

> Appellant waived his sacrosanct right to a trial by a jury of his peers in reliance on the fact that his sentence was legal, and it was not. He was denied relief . . . not because the court found that his claim lacked merit, but because the trial court relied on a recent unconstitutional ruling that prevented him from receiving a hearing on the merits of his claim. This court should reverse the trial court's summary dismissal, and remand for the trial court to evaluate the merits of Appellant's claim.

We note that although summary dismissal of the Defendant's motion would have been proper because his sentences had expired, the trial court did not summarily dismiss the Defendant's motion. The court appointed counsel and held an evidentiary hearing regarding the Defendant's claim that concurrent service of his sentences was illegal because he committed an offense while released on bond. *See* Tenn. R. Crim. P. 32(c)(3)(C). In any event, the Defendant does not state in his brief how application of *Brown* violates procedural due process, but he mentions he continues to suffer collateral consequences from his guilty pleas.

The holding in *Brown* is based upon our supreme court's interpretation of the language and the purpose of Rule 36.1. *Brown*, 479 S.W.3d at 210-12. After reviewing the language of the Rule, its expressed purpose, and "the jurisprudential background from which it developed," the court determined that Rule 36.1 was created "to provide a *mechanism* for the defendant or the State to seek to correct an illegal sentence" but that the Rule was not "intended to expand the scope of relief available on such claims by permitting the correction of expired illegal sentences." *Id.* at 210-11 (emphasis in original). The court noted that had Rule 36.1 been created to apply to expired illegal sentences, the language of the Rule would have "clearly express[ed] that intent." *Id.* at 211. The court explained that "[w]hen a sentence has expired and the restraint on a petitioner's liberty is merely a collateral consequence . . . , habeas corpus is not an appropriate avenue for relief" and that "[t]his same limitation applies to the scope of relief available under Rule 36.1." *Id.* n.12 (internal citations and quotation marks omitted).

We have not overlooked the Defendant's request for this court to overturn *Brown*. However, this court is bound by the precedents established by our supreme court. *See State v. Pendergrass*, 795 S.W.2d 150, 155-56 (Tenn. Crim. App. 1989) (stating The Tennessee Court of Criminal Appeals "is bound by the decisions of our Supreme Court"). This court

-5-

does not have the jurisdiction to review the propriety of an order by our supreme court. [I]t is a controlling principle that inferior courts must abide [by] orders, decrees and precedents of higher courts. The slightest deviation from this rigid rule would disrupt and destroy the sanctity of the judicial process.

*Thompson v. State*, 958 S.W.2d 156, 173 (Tenn. Crim. App. 1997); *see State v. Irick*, 906 S.W.2d 440, 443 (Tenn. 1995).

In consideration of the foregoing and the record as a whole, the judgment of the trial court is affirmed.


_____
ROBERT H. MONTGOMERY, JR., JUDGE