**STATE of Tennessee**

v.

**Winston Kendrick FIVEASH.**

Court of Criminal Appeals of Tennessee,
Jackson.

Oct. 19, 1981.

---

## ORDER

We have reviewed the appellant's application for extraordinary appeal under Rule 10 and find that it has no merit. The application is denied. On October 9, 1981, an application for an order staying the trial of this case set for October 12, 1981, was presented to Judge Dwyer in his chambers and was denied.

Furthermore, the application must be denied because appellant has failed to follow all the requirements of Rule 10, T.R.A.P.

Rule 10(b), T.R.A.P., states: "Unless necessity requires otherwise, the application shall be served on all other parties in the manner provided in rule 20 for the service of papers."

Rule 20(b), T.R.A.P., provides: "Copies of all papers filed by any party shall, at or before time of filing, be served by a party or person acting for him *on all other parties to the appeal or proceeding.*" (emphasis added)

Appellant did not give notice of this application for extraordinary appeal to the attorney general in Nashville. The attorney general represents the State of Tennessee in all matters before this court, and is therefore a party to any appeal here. We are not unaware of the fact that arguably the state is a party, represented by two counsel, i.e., the district attorney general at the trial level and the attorney general on appeals.

Rule 20(d), T.R.A.P., states: "If more than one counsel appears for a party, service upon one of them is sufficient." Appellant did give notice to the district attorney general in Memphis.

Perhaps a literal reading of Rule 20(d), T.R.A.P., requires no more than what appellant did herein. However, we must note that Rule 20(d) envisions the situation where joint counsel are each aware of the cause of action and presumably stay in communication with each other during the trial proceedings or preparation.

In cases of the type before us, however, the attorney general has no knowledge of each and every criminal trial in Tennessee. We think the best practice, under the Rules of Appellate Procedure, is to require parties applying for an extraordinary appeal to give notice to the attorney general as well as the district attorney general or defendant. This is in accord with the spirit of these rules as seen in the advisory commission comment, Rule 1, T.R.A.P.:

> "As is the case with the Tennessee Rules of Civil Procedure, it is the policy of these rules to disregard technicality in form in order that a just, speedy, and inexpensive determination of every appellate proceeding on its merits may be obtained."

It is so ordered.