IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT JACKSON

**JONATHAN HAMILTON v. STATE OF TENNESSEE**

**Criminal Court for Shelby County**
**No. C1800426**

──────────────────────────────────

**No. W2026-00147-CCA-R10-PC**

──────────────────────────────────

**ORDER**

On February 4, 2026, the pro se Appellant filed an application for an extraordinary appeal pursuant to Tennessee Rule of Appellate Procedure 10. On February 6, 2026, this Court issued an order noting that the Appellant failed to comply with the procedural requirements of Rule 10 by failing to attach to his application any order issued by the trial court for which review may be available. *See* Tenn. R. App. P. 10(a), (c). However, the Appellant also requested relief pursuant to the writ of mandamus, asserting that the trial court had failed to comply with the procedural requirements of the Post-Conviction Procedure Act. This Court requested a response from the State regarding the current status of the trial court proceedings and the appropriateness of the writ of mandamus.

On February 12, 2026, the State filed a response arguing that the Appellant's application should be dismissed. In addition to the Appellant's failure to comply with Rule 10, the State asserted that a writ of mandamus was not appropriate because the Appellant's post-conviction petition was proceeding in accordance with the statutory requirements. The State attached a copy of the trial court's preliminary order, issued less than 30 days after the Appellant filed his petition, which found that the Appellant had asserted a colorable claim and stated that counsel would be appointed. *See* T.C.A. § 40-30-106(a). This Court has been informed that attorney Earnest Beasley was recently appointed by the trial court to represent the Appellant in his post-conviction proceedings.[1]

Neither the Appellant's request for an extraordinary appeal nor mandamus relief is well-taken. The Appellant's failure to comply with the procedural requirements of Rule 10 is fatal to his request for extraordinary review. *See generally State v. Fiveash*, 626 S.W.2d 477 (Tenn. Crim. App. 1981). Moreover, this Court will only entertain a request

─────────────

[1] It has long been the rule that an appellant may not be represented by counsel and simultaneously proceed pro se in this Court. *See State v. Davis*, 141 S.W.3d 600, 615 n.12 (Tenn. 2004); *State v. Burkhart*, 541 S.W.2d 365, 371 (Tenn. 1976).

for the writ of mandamus when the writ is necessary to aid the exercise of our appellate functions, and such circumstances are not present in this case. *See State v. Irick*, 906 S.W.2d 440, 442 (Tenn. 1995). Although it appears that the Appellant's case has been reset multiple times, this Court does not control the trial court's handling of its docket. Finally, the Appellant's request for the trial court judge to be recused is not appropriate under Rule 10. *See* Tenn. Sup. Ct. R. 10B, § 2, Adv. Comm. Cmt.

It is hereby ORDERED that the Appellant's application for an extraordinary appeal is DENIED. Because it appears that the Appellant is indigent, costs associated with this proceeding shall be taxed to the State. The Clerk is directed to send a copy of this order to the Appellant, the State, attorney Earnest Beasley, and the trial court clerk.

s/ J. Ross Dyer, Judge
s/ John W. Campbell, Judge
s/ Matthew J. Wilson, Judge